# UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| In re | Case No. 21-30299 DM |
| ACEH CAPITAL, LLC, | Chapter 7 |
| Debtor. | **NOTICE OF TRUSTEE'S INTENTION TO SELL REAL PROPERTY OF THE ESTATE (UNDEVELOPED LAND, APN# 3062-002-052/053, LOS ANGELES COUNTY, CALIFORNIA) PURSUANT TO 11 U.S.C. § 363(b); PROCEDURE FOR OVERBID AND OBJECTION**<br><br>[NO HEARING SCHEDULED] |

**TO THE DEBTOR, ALL CREDITORS, PARTIES IN INTEREST, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

**PLEASE TAKE NOTICE** that E. Lynn Schoenmann, Chapter 7 Trustee ("Trustee"), intends to sell real property of the estate consisting of undeveloped land located in Los Angeles County, California, APN# 3062-002-052/053 ("Property") to Curt L. Mica ("Buyer"). This Notice describes the terms of the proposed sale and the procedure for objection and/or overbidding.

On April 21, 2021, ACEH Capital, LLC ("Debtor") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The Trustee is the duly appointed, qualified and acting chapter 7 trustee of the Debtor's bankruptcy estate.

### Terms of Sale of Real Property

Buyer has made an offer to purchase the Property, subject to Bankruptcy Court approval and potential overbid, for the price of $35,000. A true and correct copy of the Vacant Land Purchase Agreement and Joint Escrow Instructions ("Agreement") is attached hereto as **Exhibit A** and incorporated by reference.

The estate has a 48.62% ownership interest in the Property. Co-owner Jan M. Garin has a 28.58% ownership interest in the Property. Co-owner Selam Beraves has a 22.80% ownership interest in the Property. The co-owners have consented to a sale of the Property to Buyer or a successful overbidder free of their co-ownership interests, and will be paid their pro-rata share of the sale proceeds from escrow.

DUANE MORRIS LLP
SAN FRANCISCO

DM3\8111389.1 R1014/00028

1

The Trustee proposes to sell the Property to Buyer pursuant to 11 U.S.C. § 363(b). Pursuant to § 363(b), the Trustee, after notice and hearing, may sell, other than in the ordinary course of business, property of the bankruptcy estate.

The Trustee believes that the sale of the Property, on the terms described above and in the attached **Exhibit A**, will benefit the estate and its creditors.

**PLEASE TAKE FURTHER NOTICE** that any party interested in submitting an overbid on the Property should contact the Trustee's Court-approved broker, Hesam Toolooe at Sunriser Landcore Investments, by phone 510-928-5024 and/or email sunriserlandcoreinvestments@earthlink.net. Any persons interested in submitting an overbid on the Property must comply with the following procedure: Any overbid shall be in an amount no less than $45,000, and shall be on terms substantially similar or more favorable to the estate than those contained in the attached Agreement ("Overbid"). Any Overbid must be submitted in writing, together with a deposit (fully refundable if the overbidder is not the prevailing purchaser at auction or the overbid is not approved by the Bankruptcy Court) in the amount of $5,000.00 made payable to "Bankruptcy Estate of ACEH Capital, LLC." The deposit must be in certified funds. Any Overbid must be received by Geoffrey A. Heaton, Duane Morris LLP, One Market Plaza, Spear Street Tower, Suite 2200, San Francisco, California 94105-1127 by no later than October 21, 2021 at 4:00 p.m.

If there is a qualifying Overbid, the Trustee will conduct an auction sale of the Property through telephone and/or video conference at a date and time to be set by the Trustee. At the auction, overbidding will begin with the highest overbid submitted and continue in increments of $1,000.00 until no further bids remain. The Trustee reserves the right to postpone or continue the auction to a different day or time, subject to notice to Buyer and any and all qualified over-bidders. If there are no qualified over-bidders, the Trustee will apply to the Court for an order authorizing the sale to Buyer on the terms described herein.

**PLEASE TAKE FURTHER NOTICE** that your failure to file timely opposition hereto may result in the approval of the sale on the terms set forth above and in Exhibit A. If you object to the sale, you are directed to follow the procedures described below.

**PLEASE TAKE FURTHER NOTICE** that the Trustee intends to apply to the above-entitled Court for an order approving this sale. Bankruptcy Local Rule 9014 of the United States Bankruptcy Court for the Northern District of California prescribes the procedures to be followed in the event that you have an objection to the proposed sale.

> **Any objection to the requested relief, or a request for hearing on the matter, must be filed and served upon the initiating party within twenty-one (21) days of mailing of this Notice.**

> **Any objection or request for a hearing must be accompanied by declarations or memoranda of law any requesting party wishes to present in support of its position.**

> **If there is no timely objection to the requested relief, or a request for hearing, the Court may enter an order granting the relief by default.**

Case: 21-30299    Doc# 46    Filed: 09/30/21    Entered: 09/30/21 13:25:11    Page 2 of 23

1
2

**In the event of a timely objection or a request for hearing, the initiating party will give at least seven (7) days written notice of the hearing to the objecting or requesting party, and to any trustee or committee appointed in this case.**

3

**PLEASE TAKE FURTHER NOTICE** that any objections or requests for hearing should be filed with the United States Bankruptcy Court, 450 Golden Gate Avenue, Mail Box 36099, San Francisco, California 94102, and a copy of the objection should be served on the Office of the United States Trustee and counsel for the Trustee at the address shown below. The Office of the United States Trustee is located at 450 Golden Gate Avenue, 5th Floor, Suite # 05-0153, San Francisco, California 94102. For further information about the foregoing, please contact counsel for the Trustee at the address shown below.

4
5
6
7
8

Dated: September 30, 2021

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

/s/ Geoffrey A. Heaton (206990)
GEOFFREY A. HEATON
**DUANE MORRIS** LLP
One Market Plaza
Spear Street Tower, Suite 2200
San Francisco, California 94105-1127
T: (415) 957-3000 / F: (415) 957-3001
Email: gheaton@duanemorris.com
Attorneys for Chapter 7 Trustee,
E. LYNN SCHOENMANN

DUANE MORRIS LLP
SAN FRANCISCO

DM3\8111389.1 R1014/00028

3

# EXHIBIT A

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D



**CALIFORNIA ASSOCIATION OF REALTORS®**

# VACANT LAND PURCHASE AGREEMENT
# AND JOINT ESCROW INSTRUCTIONS
### (C.A.R. Form VLPA, Revised 12/18)

**Date Prepared:** *June 20, 2021*
1. **OFFER:**
   A. **THIS IS AN OFFER FROM** _____ *Curt L. Mica* _____ ("Buyer"),
   B. **THE REAL PROPERTY** to be acquired is *195 Street E. and Avenue Z - APN#3062-002-052 AND 053*, situated in *Llano* (City), *Los Angeles* (County), California, *93544* (Zip Code), Assessor's Parcel No. *3062-002-052 and* ("Property").
      **Further Described As** *See Prelim.*.
   C. **THE PURCHASE PRICE** offered is *Thirty Thousand*
      Dollars $ *30,000.00*
   D. **CLOSE OF ESCROW** shall occur on ☐ _____ (date) (or ☒ *60* **Days** After Acceptance).
   E. Buyer and Seller are referred to herein as the "Parties." Brokers are not Parties to this Agreement.
2. **AGENCY:**
   A. **DISCLOSURE: The Parties each acknowledge receipt of a** ☒ **"Disclosure Regarding Real Estate Agency Relationships" (C.A.R. Form AD).**
   B. **CONFIRMATION:** The following agency relationships are confirmed for this transaction:
      **Seller's Brokerage Firm** *Sunrise Landcore Investments* License Number *01012351*
      Is the broker of (check one): ☒ the seller; or ☐ both the buyer and seller. (dual agent)
      **Seller's Agent** *Hesam Toolooe* License Number *01012351*
      Is (check one): ☒ the Seller's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)

      **Buyer's Brokerage Firm** *Buyer is Self-Represented* License Number _____
      Is the broker of (check one): ☐ the buyer; or ☐ both the buyer and seller. (dual agent)
      **Buyer's Agent** *Buyer is Self-Represented* License Number _____
      Is (check one): ☐ the Buyer's Agent. (salesperson or broker associate) ☐ both the Buyer's and Seller's Agent. (dual agent)
   C. **POTENTIALLY COMPETING BUYERS AND SELLERS:** The Parties each acknowledge receipt of a ☒ "Possible Representation of More than One Buyer or Seller - Disclosure and Consent (C.A.R. Form PRBS).
3. **FINANCE TERMS:** Buyer represents that funds will be good when deposited with Escrow Holder.
   A. **INITIAL DEPOSIT:** Deposit shall be in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ *5,000.00*
      **(1)** Buyer Direct Deposit: Buyer shall deliver deposit directly to Escrow Holder by electronic funds transfer, ☐ cashier's check, ☐ personal check, ☐ other _____ within 3 business days after Acceptance (or _____);
      OR **(2)** ☐ Buyer Deposit with Agent: Buyer has given the deposit by personal check (or _____) to the agent submitting the offer (or to _____), made payable to _____. The deposit shall be held uncashed until Acceptance and then deposited with Escrow Holder within **3** business days after Acceptance (or _____).
      Deposit checks given to agent shall be an original signed check and not a copy.
      (Note: Initial and increased deposits checks received by agent shall be recorded in Broker's trust fund log.)
   B. **INCREASED DEPOSIT:** Buyer shall deposit with Escrow Holder an increased deposit in the amount of . . . $ _____ within _____ **Days** After Acceptance (or _____).
      If the Parties agree to liquidated damages in this Agreement, they also agree to incorporate the increased deposit into the liquidated damages amount in a separate liquidated damages clause (C.A.R. Form RID) at the time the increased deposit is delivered to Escrow Holder.
   C. ☒ **ALL CASH OFFER:** No loan is needed to purchase the Property. This offer is NOT contingent on Buyer obtaining a loan. Written verification of sufficient funds to close this transaction IS ATTACHED to this offer or ☐ Buyer shall, within **3 (or** _____ **) Days** After Acceptance, Deliver to Seller such verification.
   D. **LOAN(S):**
      **(1) FIRST LOAN:** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
         This loan will be conventional financing **OR** ☐ FHA, ☐ VA, ☐ Seller financing (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form AFA), ☐ subject to financing, ☐ Other _____ . This loan shall be at a fixed rate not to exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      **(2)** ☐ **SECOND LOAN** in the amount of . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____
         This loan will be conventional financing **OR** ☐ Seller financing (C.A.R. Form SFA), ☐ assumed financing (C.A.R. Form AFA), ☐ subject to financing ☐ Other _____ . This loan shall be at a fixed rate not to exceed _____ % or, ☐ an adjustable rate loan with initial rate not to exceed _____ %. Regardless of the type of loan, Buyer shall pay points not to exceed _____ % of the loan amount.
      **(3) FHA/VA:** For any FHA or VA loan specified in 3D(1), Buyer has **17 (or** _____ **) Days** After Acceptance to Deliver to Seller written notice (C.A.R. Form FVA) of any lender-required repairs or costs that Buyer requests Seller to pay for or otherwise correct. Seller has no obligation to pay or satisfy lender requirements unless agreed in writing. A FHA/VA amendatory clause (C.A.R. Form FVAC) shall be a part of this transaction.

Buyer's Initials (X *ccm* ) ( _____ ) Seller's Initials (X _____ ) ( *ES* )

© 2018, California Association of REALTORS®, Inc.
VLPA REVISED 12/18 (PAGE 1 OF 11)

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 1 OF 11)**

Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595    Phone: 510.928.5024    Fax: 925-954-1467    3062002052, 053-
Hesam Toolooe
Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: *195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA 93544*_____ Date: *June 20, 2021*_____

**E. ADDITIONAL FINANCING TERMS:** *NONE*

**F. BALANCE OF DOWN PAYMENT OR PURCHASE PRICE** in the amount of . . . . . . . . . . . . . . . . . . . . . $ _____ *25,000.00*
to be deposited with Escrow Holder pursuant to Escrow Holder instructions.

**G. PURCHASE PRICE (TOTAL):** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____ *30,000.00*

**H. VERIFICATION OF DOWN PAYMENT AND CLOSING COSTS:** Buyer (or Buyer's lender or loan broker pursuant to paragraph 3J(1)) shall, within **3 (or ____) Days** After Acceptance, Deliver to Seller written verification of Buyer's down payment and closing costs. ( ☐ Verification attached.)

**I. APPRAISAL CONTINGENCY AND REMOVAL:** This Agreement is (or ☒ is NOT) contingent upon a written appraisal of the Property by a licensed or certified appraiser at no less than the purchase price. Buyer shall, as specified in paragraph 19B(3), in writing, remove the appraisal contingency or cancel this Agreement within **17 (or ____) Days** After Acceptance.

**J. LOAN TERMS:**
**(1) LOAN APPLICATIONS:** Within **3 (or ____) Days** After Acceptance, Buyer shall Deliver to Seller a letter from Buyer's lender or loan broker stating that, based on a review of Buyer's written application and credit report, Buyer is prequalified or preapproved for any NEW loan specified in paragraph 3D. If any loan specified in paragraph 3D is an adjustable rate loan, the prequalification or preapproval letter shall be based on the qualifying rate, not the initial loan rate. ( ☐ Letter attached.)
**(2) LOAN CONTINGENCY:** Buyer shall act diligently and in good faith to obtain the designated loan(s). Buyer's qualification for the loan(s) specified above **is a contingency** of this Agreement unless otherwise agreed in writing. If there is no appraisal contingency or the appraisal contingency has been waived or removed, then failure of the Property to appraise at the purchase price does not entitle Buyer to exercise the cancellation right pursuant to the loan contingency if Buyer is otherwise qualified for the specified loan. Buyer's contractual obligations regarding deposit, balance of down payment and closing costs **are not contingencies** of this Agreement.
**(3) LOAN CONTINGENCY REMOVAL:**
Within **21 (or ____) Days** After Acceptance, Buyer shall, as specified in paragraph 19, in writing, remove the loan contingency or cancel this Agreement. If there is an appraisal contingency, removal of the loan contingency shall not be deemed removal of the appraisal contingency.
**(4) ☐ NO LOAN CONTINGENCY:** Obtaining any loan specified above is NOT a contingency of this Agreement. If Buyer does not obtain the loan and as a result Buyer does not purchase the Property, Seller may be entitled to Buyer's deposit or other legal remedies.
**(5) LENDER LIMITS ON BUYER CREDITS:** Any credit to Buyer, from any source, for closing or other costs that is agreed to by the Parties ("Contractual Credit") shall be disclosed to Buyer's lender. If the total credit allowed by Buyer's lender ("Lender Allowable Credit") is less than the Contractual Credit, then (i) the Contractual Credit shall be reduced to the Lender Allowable Credit, and (ii) in the absence of a separate written agreement between the Parties, there shall be no automatic adjustment to the purchase price to make up for the difference between the Contractual Credit and the Lender Allowable Credit.

**K. BUYER STATED FINANCING:** Seller is relying on Buyer's representation of the type of financing specified (including but not limited to, as applicable, all cash, amount of down payment, or contingent or non-contingent loan). Seller has agreed to a specific closing date, purchase price and to sell to Buyer in reliance on Buyer's covenant concerning financing. Buyer shall pursue the financing specified in this Agreement. Seller has no obligation to cooperate with Buyer's efforts to obtain any financing other than that specified in the Agreement and the availability of any such alternate financing does not excuse Buyer from the obligation to purchase the Property and close escrow as specified in this Agreement.

**L. SELLER FINANCING:** The following terms (or ☐ the terms specified in the attached Seller Financing Addendum) (C.A.R. Form SFA) apply ONLY to financing extended by Seller under this Agreement.
**(1) BUYER'S CREDIT-WORTHINESS:** Buyer authorizes Seller and/or Brokers to obtain, at Buyer's expense, a copy of Buyer's credit report. Within **7 (or _____) Days** After Acceptance, Buyer shall provide any supporting documentation reasonably requested by Seller.
**(2) TERMS:** Buyer's promissory note, deed of trust and other documents as appropriate shall incorporate and implement the following additional terms: **(i)** the maximum interest rate specified in paragraph 3D shall be the actual fixed interest rate for Seller financing; **(ii)** deed of trust shall contain a REQUEST FOR NOTICE OF DEFAULT on senior loans; **(iii)** Buyer shall sign and pay for a REQUEST FOR NOTICE OF DELINQUENCY prior to Close Of Escrow and at any future time if requested by Seller; **(iv)** note and deed of trust shall contain an acceleration clause making the loan due, when permitted by law and at Seller's option, upon the sale or transfer of the Property or any interest in it; **(v)** note shall contain a late charge of 6% of the installment due (or _____ ) if the installment is not received within 10 days of the date due; **(vi)** title insurance coverage in the form of a joint protection policy shall be provided insuring Seller's deed of trust interest in the Property (any increased cost over owner's policy shall be paid by Buyer); and **(vii)** tax service shall be obtained and paid for by Buyer to notify Seller if property taxes have not been paid.
**(3) ADDED, DELETED OR SUBSTITUTED BUYERS:** The addition, deletion or substitution of any person or entity under this Agreement or to title prior to Close Of Escrow shall require Seller's written consent. Seller may grant or withhold consent in Seller's sole discretion. Any additional or substituted person or entity shall, if requested by Seller, submit to Seller the same documentation as required for the original named Buyer. Seller and/or Brokers may obtain a credit report, at Buyer's expense, on any such person or entity.

**M. ASSUMED OR "SUBJECT TO" FINANCING:** Seller represents that Seller is not delinquent on any payments due on any loans. Seller shall, within the time specified in paragraph 19, provide Copies of all applicable notes and deeds of trust, loan balances and current interest rates to Buyer. Buyer shall then, as specified in paragraph 19B(3), remove this contingency or

Buyer's Initials (X *CPM* ) ( _____ )                           Seller's Initials (X *ES* ) ( _____ )

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: *195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA 93544*  Date: *June 20, 2021*

cancel this Agreement. Differences between estimated and actual loan balances shall be adjusted at Close Of Escrow by cash down payment. Impound accounts, if any, shall be assigned and charged to Buyer and credited to Seller. Seller is advised that Buyer's assumption of an existing loan may not release Seller from liability on that loan. If this is an assumption of a VA Loan, the sale is contingent upon Seller being provided a release of liability and substitution of eligibility, unless otherwise agreed in writing. If the Property is acquired subject to an existing loan, Buyer and Seller are advised to consult with legal counsel regarding the ability of an existing lender to call the loan due, and the consequences thereof.

**4. SALE OF BUYER'S PROPERTY:**
  **A.** This Agreement and Buyer's ability to obtain financing are NOT contingent upon the sale of any property owned by Buyer.
  **OR B.** ☐ This Agreement and Buyer's ability to obtain financing are contingent upon the sale of property owned by Buyer as specified in the attached addendum (C.A.R. Form COP).

**5.** ☐ **MANUFACTURED HOME PURCHASE:** The purchase of the Property is contingent upon Buyer acquiring a personal property manufactured home to be placed on the Property after Close Of Escrow. Buyer ☐ has ☐ has not entered into a contract for the purchase of a personal property manufactured home. Within the time specified in paragraph 19, Buyer shall remove this contingency or cancel this Agreement, (**or** ☐ this contingency shall remain in effect until the Close Of Escrow of the Property).

**6.** ☐ **CONSTRUCTION LOAN FINANCING:** The purchase of the Property is contingent upon Buyer obtaining a construction loan. A draw from the construction loan ☐ will ☐ will not be used to finance the Property. Within the time specified in paragraph 19, Buyer shall remove this contingency or cancel this Agreement (**or** ☐ this contingency shall remain in effect until Close Of Escrow of the Property).

**7. ADDENDA AND ADVISORIES:**
  **A.** ADDENDA: _____  ☐ Addendum # _____ (C.A.R. Form ADM)

| | |
|---|---|
| ☐ Back Up Offer Addendum (C.A.R. Form BUO) | ☐ Court Confirmation Addendum (C.A.R. Form CCA) |
| ☐ Septic, Well and Property Monument Addendum (C.A.R. Form SWPI) | |
| ☐ Short Sale Addendum (C.A.R. Form SSA) | ☐ Other _____ |

  **B.** BUYER AND SELLER ADVISORIES:

| | |
|---|---|
| ☒ Buyer's Vacant Land Additional Inspection Advisory (C.A.R. Form BVLIA) | |
| ☐ Probate Advisory (C.A.R. Form PA) | ☐ Statewide Buyer and Seller Advisory (C.A.R. Form SBSA) |
| ☐ Trust Advisory (C.A.R. Form TA) | ☐ REO Advisory (C.A.R. Form REO) |
| ☐ Short Sale Information and Advisory (C.A.R. Form SSIA) | ☒ Other *Addendum #1.0 Dated 06/20/2021* |

**8. OTHER TERMS:** *None*

_____
_____
_____

**9. ALLOCATION OF COSTS**
  **A. INSPECTIONS, REPORTS AND CERTIFICATES:** Unless otherwise agreed, in writing, this paragraph only determines who is to pay for the inspection, test, certificate or service ("Report") mentioned; it **does not determine who is to pay for any work recommended or identified in the Report.**
    (1) ☐ Buyer ☒ Seller shall pay for a natural hazard zone disclosure report, including tax ☐ environmental ☐ Other: _____ prepared by *MyNhd*.
    (2) ☒ Buyer ☐ Seller shall pay for the following Report *Any Buyer deems necessary* prepared by _____.
    (3) ☐ Buyer ☐ Seller shall pay for the following Report _____ prepared by _____.
  **B. ESCROW AND TITLE:**
    (1) (a) ☒ Buyer ☒ Seller shall pay escrow fee *Each pay own customary escrow expenses*
      (b) Escrow Holder shall be *North American Title, Annette Ross,Burlingame*
      (c) The Parties shall, within **5 (or ___) Days** After receipt, sign and return Escrow Holder's general provisions.
    (2) (a) ☐ Buyer ☒ Seller shall pay for **owner's** title insurance policy specified in paragraph 18E _____
      (b) Owner's title policy to be issued by *North American Title*
      (Buyer shall pay for any title insurance policy insuring Buyer's **lender**, unless otherwise agreed in writing.)
  **C. OTHER COSTS:**
    (1) ☐ Buyer ☒ Seller shall pay County transfer tax or fee *$1.10 per $1,000.00* _____
    (2) ☐ Buyer ☐ Seller shall pay City transfer tax or fee _____
    (3) ☐ Buyer ☐ Seller shall pay Homeowners' Association ("HOA") transfer fee _____
    (4) Seller shall pay HOA fees for preparing all documents required to be delivered by Civil Code §4525.
    (5) Buyer to pay for any HOA certification fee.
    (6) ☐ Buyer ☐ Seller shall pay HOA fees for preparing all documents other than those required by Civil Code §4525.
    (7) ☐ Buyer ☐ Seller shall pay for any private transfer fee _____
    (8) ☐ Buyer ☐ Seller shall pay for _____
    (9) ☐ Buyer ☐ Seller shall pay for _____

**10. CLOSING AND POSSESSION:** Possession shall be delivered to Buyer: (i) at 6 PM or (_____ ☐ AM/ ☐ PM) on the date of Close Of Escrow; (ii) ☐ no later than ___ calendar days after Close Of Escrow; or (iii) ☐ at _____ ☐ AM/ ☐ PM on _____. The Property shall be unoccupied, unless otherwise agreed in writing. Seller shall provide keys and/or means to operate all Property locks. If Property is located in a common interest subdivision, Buyer may be required to pay a deposit to the Homeowners'

Buyer's Initials (X _*CPM*_ ) ( _____ )  Seller's Initials (X _____ ) ( _*ES*_ )

Case: 21-30299   Doc# 46   Filed: 09/30/21   Entered: 09/30/21 13:25:11   Page 7 of 23

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: _195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544_      Date: _June 20, 2021_
Association ("HOA") to obtain keys to accessible HOA facilities.

**11. ITEMS INCLUDED IN AND EXCLUDED FROM SALE:**
    **A. NOTE TO BUYER AND SELLER:** Items listed as included or excluded in the MLS, flyers or marketing materials are **not** included in the purchase price or excluded from the sale unless specified in 11B or C.
    **B. ITEMS INCLUDED IN SALE:**
        **(1)** All EXISTING fixtures and fittings that are attached to the Property;
        **(2)** The following items:_None_

        **(3)** Seller represents that all items included in the purchase price, unless otherwise specified, are owned by Seller.
        **(4)** All items included shall be transferred free of liens and without Seller warranty.
    **C. ITEMS EXCLUDED FROM SALE:** _None_

**12. STATUTORY AND OTHER DISCLOSURES AND CANCELLATION RIGHTS:**
    **A. NATURAL AND ENVIRONMENTAL HAZARD DISCLOSURES AND OTHER BOOKLETS:** Within the time specified in paragraph 19A, Seller shall, if required by Law: **(i)** Deliver to Buyer earthquake guide(s) (and questionnaire), environmental hazards booklet; **(ii)** disclose if the Property is located in a Special Flood Hazard Area; Potential Flooding (Inundation) Area; Very High Fire Hazard Zone; State Fire Responsibility Area; Earthquake Fault Zone; and Seismic Hazard Zone; and **(iii)** disclose any other zone as required by Law and provide any other information required for those zones.
    **B. WITHHOLDING TAXES:** Within the time specified in paragraph 19A, to avoid required withholding, Seller shall Deliver to Buyer or qualified substitute, an affidavit sufficient to comply with federal (FIRPTA) and California withholding Law (C.A.R. Form AS or QS).
    **C. MEGAN'S LAW DATABASE DISCLOSURE:** Notice: Pursuant to Section 290.46 of the Penal Code, information about specified registered sex offenders is made available to the public via an Internet Web site maintained by the Department of Justice at **www.meganslaw.ca.gov.** Depending on an offender's criminal history, this information will include either the address at which the offender resides or the community of residence and ZIP Code in which he or she resides. (Neither Seller nor Brokers are required to check this website. If Buyer wants further information, Broker recommends that Buyer obtain information from this website during Buyer's inspection contingency period. Brokers do not have expertise in this area.)
    **D. NOTICE REGARDING GAS AND HAZARDOUS LIQUID TRANSMISSION PIPELINES:** This notice is being provided simply to inform you that information about the general location of gas and hazardous liquid transmission pipelines is available to the public via the National Pipeline Mapping System (NPMS) Internet Web site maintained by the United States Department of Transportation at **http://www.npms.phmsa.dot.gov/.** To seek further information about possible transmission pipelines near the Property, you may contact your local gas utility or other pipeline operators in the area. Contact information for pipeline operators is searchable by ZIP Code and county on the NPMS Internet Web site.
    **E. CONDOMINIUM/PLANNED DEVELOPMENT DISCLOSURES:**
        **(1) SELLER HAS: 7 (or ____ ) Days** After Acceptance to disclose to Buyer whether the Property is a condominium, or is located in a planned development or other common interest subdivision (C.A.R. Form VLQ).
        **(2)** If the Property is a condominium or is located in a planned development or other common interest subdivision, Seller has **3 (or ____ ) Days** After Acceptance to request from the HOA (C.A.R. Form HOA1): **(i)** Copies of any documents required by Law; **(ii)** disclosure of any pending or anticipated claim or litigation by or against the HOA; **(iii)** a statement containing the location and number of designated parking and storage spaces; **(iv)** Copies of the most recent 12 months of HOA minutes for regular and special meetings; and **(v)** the names and contact information of all HOAs governing the Property (collectively, "CI Disclosures"). Seller shall itemize and Deliver to Buyer all CI Disclosures received from the HOA and any CI Disclosures in Seller's possession. Buyer's approval of CI Disclosures is a contingency of this Agreement as specified in paragraph 19B(3). The Party specified in paragraph 9, as directed by escrow, shall deposit funds into escrow or direct to HOA or management company to pay for any of the above.

**13. SELLER DOCUMENTATION AND ADDITIONAL DISCLOSURE:**
    **A.** Within the time specified in paragraph 19, if Seller has actual knowledge, Seller shall provide to Buyer, in writing, the following information:
        **(1) LEGAL PROCEEDINGS:** Any lawsuits by or against Seller, threatening or affecting the Property, including any lawsuits alleging a defect or deficiency in the Property or common areas, or any known notices of abatement or citations filed or issued against the Property.
        **(2) AGRICULTURAL USE:** Whether the Property is subject to restrictions for agricultural use pursuant to the Williamson Act (Government Code §§51200-51295).
        **(3) DEED RESTRICTIONS:** Any deed restrictions or obligations.
        **(4) FARM USE:** Whether the Property is in, or adjacent to, an area with Right to Farm rights (Civil Code §3482.5 and §3482.6).
        **(5) ENDANGERED SPECIES:** Presence of endangered, threatened, 'candidate' species, or wetlands on the Property.
        **(6) ENVIRONMENTAL HAZARDS:** Any substances, materials, or products that may be environmental hazard including, but not limited to, asbestos, formaldehyde, radon gas, lead-based paint, fuel or chemical storage tanks, and contaminated soil or water on the Property.
        **(7) COMMON WALLS:** Any features of the Property shared in common with adjoining landowners, such as walls, fences, roads, and driveways, and agriculture and domestic wells whose use or responsibility for maintenance may have an effect on the Property.
        **(8) LANDLOCKED:** The absence of legal or physical access to the Property.
        **(9) EASEMENTS/ENCROACHMENTS:** Any encroachments, easements or similar matters that may affect the Property.
        **(10) SOIL FILL:** Any fill (compacted or otherwise), or abandoned mining operations on the Property.
        **(11) SOIL PROBLEMS:** Any slippage, sliding, flooding, drainage, grading, or other soil problems.
        **(12) EARTHQUAKE DAMAGE:** Major damage to the Property or any of the structures from fire, earthquake, floods, or landslides.
        **(13) ZONING ISSUES:** Any zoning violations, non-conforming uses, or violations of "setback" requirements.
        **(14) NEIGHBORHOOD PROBLEMS:** Any neighborhood noise problems, or other nuisances.
    **B. RENTAL AND SERVICE AGREEMENTS:** Within the time specified in paragraph 19, Seller shall make available to Buyer for inspection and review, all current leases, rental agreements, service contracts and other related agreements, licenses, and permits pertaining to the operation or use of the Property.
    **C.** ☐ **TENANT ESTOPPEL CERTIFICATES:** Within the time specified in paragraph 19, Seller shall deliver to Buyer tenant estoppel certificates (C.A.R. Form TEC) completed by Seller or Seller's agent, and signed by tenants, acknowledging: **(i)** that tenants' rental or lease agreements are unmodified and in full force and effect (or if modified, stating all such modifications); **(ii)** that no lessor defaults exist; and **(iii)** stating the amount of any prepaid rent or security deposit.

Buyer's Initials (X _CPM_ ) ( _____ )        Seller's Initials (X _____ ) ( _ES_ )

Property Address: _195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544_____ Date: _June 20, 2021_____

   **D. MELLO-ROOS TAX; 1915 BOND ACT:** Within the time specified in paragraph 19, Seller shall: **(i)** make a good faith effort to obtain a notice from any local agencies that levy a special tax or assessment on the Property (or, if allowed, substantially equivalent notice), pursuant to the Mello-Roos Community Facilities Act, and Improvement Bond Act of 1915, and **(ii)** promptly deliver to Buyer any such notice obtained.

   **E. SELLER VACANT LAND QUESTIONNAIRE:** Seller shall, within the time specified in paragraph 19, complete and provide Buyer with a Seller Vacant Land Questionnaire (C.A.R. Form VLQ).

**14. SUBSEQUENT DISCLOSURES:** In the event Seller, prior to Close Of Escrow, becomes aware of adverse conditions materially affecting the Property, or any material inaccuracy in disclosures, information or representations previously provided to Buyer of which Buyer is otherwise unaware, Seller shall promptly provide a subsequent or amended disclosure or notice, in writing, covering those items. **However, a subsequent or amended disclosure shall not be required for conditions and material inaccuracies disclosed in reports ordered and paid for by Buyer.**

**15. CHANGES DURING ESCROW:**

   **A.** Prior to Close Of Escrow, Seller may engage in the following acts, ("Proposed Changes"), subject to Buyer's rights in paragraph 15B: **(i)** rent or lease any part of the premises; **(ii)** alter, modify or extend any existing rental or lease agreement; **(iii)** enter into, alter, modify or extend any service contract(s); or **(iv)** change the status of the condition of the Property.

   **B.** At least **7 (or ____ ) Days** prior to any Proposed Changes, Seller shall give written notice to Buyer of such Proposed Changes. Within 5 (or ____ ) Days After receipt of such notice, Buyer, in writing, may give Seller notice of Buyer's objection to the Proposed Changes, in which case Seller shall not make the Proposed Changes.

**16. CONDITION OF PROPERTY:** Unless otherwise agreed in writing: **(i)** the Property is sold (a) "AS-IS" in its PRESENT physical condition as of the date of Acceptance and (b) subject to Buyer's Investigation rights; **(ii)** the Property, including pool, spa, landscaping and grounds, is to be maintained in substantially the same condition as on the date of Acceptance; and **(iii)** all debris and personal property not included in the sale shall be removed by Close Of Escrow.

   **A.** Seller shall, within the time specified in paragraph 19A, DISCLOSE KNOWN MATERIAL FACTS AND DEFECTS affecting the Property, including known insurance claims within the past five years, and make any and all other disclosures required by law.

   **B.** Buyer has the right to conduct Buyer Investigations of the Property and, as specified in paragraph 19B, based upon information discovered in those investigations: (i) cancel this Agreement; or (ii) request that Seller make Repairs or take other action.

   **C. Buyer is strongly advised to conduct investigations of the entire Property in order to determine its present condition. Seller may not be aware of all defects affecting the Property or other factors that Buyer considers important. Property improvements may not be built according to code, in compliance with current Law, or have had permits issued.**

**17. BUYER'S INVESTIGATION OF PROPERTY AND MATTERS AFFECTING PROPERTY:**

   **A.** Buyer's acceptance of the condition of, and any other matter affecting the Property, is a contingency of this Agreement as specified in this paragraph and paragraph 19B. Within the time specified in paragraph 19B(1), Buyer shall have the right, at Buyer's expense unless otherwise agreed, to conduct inspections, investigations, tests, surveys and other studies ("Buyer Investigations"), including, but not limited to, the right to: **(i)** inspect for lead-based paint and other lead-based paint hazards; **(ii)** inspect for wood destroying pests and organisms; **(iii)** review the registered sex offender database; **(iv)** confirm the insurability of Buyer and the Property; and **(v)** satisfy Buyer as to any matter specified in the attached Buyer's Inspection Advisory (C.A.R. Form BIA). Without Seller's prior written consent, Buyer shall neither make nor cause to be made: **(i)** invasive or destructive Buyer Investigations except for minimally invasive testing; or **(ii)** inspections by any governmental building or zoning inspector or government employee, unless required by Law.

   **B.** Seller shall make the Property available for all Buyer Investigations. Buyer shall **(i)** as specified in paragraph 19B, complete Buyer Investigations and, either remove the contingency or cancel this Agreement, and **(ii)** give Seller, at no cost, complete Copies of all Investigation reports obtained by Buyer, which obligation shall survive the termination of this Agreement.

   **C. Buyer indemnity and Seller protection for entry upon property:** Buyer shall: **(i)** keep the Property free and clear of liens; **(ii)** repair all damage arising from Buyer Investigations; and **(iii)** indemnify and hold Seller harmless from all resulting liability, claims, demands, damages and costs of Buyer's Investigations. Buyer shall carry, or Buyer shall require anyone acting on Buyer's behalf to carry, policies of liability, workers' compensation and other applicable insurance, defending and protecting Seller from liability for any injuries to persons or property occurring during any Buyer Investigations or work done on the Property at Buyer's direction prior to Close Of Escrow. Seller is advised that certain protections may be afforded Seller by recording a "Notice of Non-responsibility" (C.A.R. Form NNR) for Buyer Investigations and work done on the Property at Buyer's direction. Buyer's obligations under this paragraph shall survive the termination or cancellation of this Agreement and Close Of Escrow.

   **D. BUYER IS STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY AND ALL MATTERS AFFECTING THE VALUE OR DESIRABILITY OF THE PROPERTY, INCLUDING BUT NOT LIMITED TO, THE ITEMS SPECIFIED BELOW. IF BUYER DOES NOT EXERCISE THESE RIGHTS, BUYER IS ACTING AGAINST THE ADVICE OF BROKERS. BUYER UNDERSTANDS THAT ALTHOUGH CONDITIONS ARE OFTEN DIFFICULT TO LOCATE AND DISCOVER, ALL REAL PROPERTY CONTAINS CONDITIONS THAT ARE NOT READILY APPARENT AND THAT MAY AFFECT THE VALUE OR DESIRABILITY OF THE PROPERTY. BUYER AND SELLER ARE AWARE THAT BROKERS DO NOT GUARANTEE, AND IN NO WAY ASSUME RESPONSIBILITY FOR, THE CONDITION OF THE PROPERTY. BROKERS HAVE NOT AND WILL NOT VERIFY ANY OF THE ITEMS IN THIS PARAGRAPH 17, UNLESS OTHERWISE AGREED IN WRITING.**

   **E. SIZE, LINES, ACCESS AND BOUNDARIES:** Lot size, property lines, legal or physical access and boundaries including features of the Property shared in common with adjoining landowners, such as walls, fences, roads and driveways, whose use or responsibility for maintenance may have an effect on the Property and any encroachments, easements or similar matters that may affect the Property. (Fences, hedges, walls and other natural or constructed barriers or markers do not necessarily identify true Property boundaries. Property lines may be verified by survey.) (Unless otherwise specified in writing, any numerical statements by Brokers regarding lot size are APPROXIMATIONS ONLY, which have not been and will not be verified, and should not be relied upon by Buyer.)

   **F. ZONING AND LAND USE:** Past, present, or proposed laws, ordinances, referendums, initiatives, votes, applications and permits affecting the current use of the Property, future development, zoning, building, size, governmental permits and inspections. Any zoning violations, non-conforming uses, or violations of "setback" requirements. (Buyer should also investigate whether these matters affect Buyer's intended use of the Property.)

   **G. UTILITIES AND SERVICES:** Availability, costs, restrictions and location of utilities and services, including but not limited to, sewerage, sanitation, septic and leach lines, water, electricity, gas, telephone, cable TV and drainage.

Buyer's Initials (X _eem_ ) ( _____ )          Seller's Initials (X _____ ) ( _ES_ )

VLPA REVISED 12/18 (PAGE 5 OF 11)

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 5 OF 11)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    3062002052, 053-

Case: 21-30299    Doc# 46    Filed: 09/30/21    Entered: 09/30/21 13:25:11    Page 9 of 23

Property Address: *195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544*      Date: *June 20, 2021*

H. **ENVIRONMENTAL HAZARDS:** Potential environmental hazards, including, but not limited to, asbestos, lead-based paint and other lead contamination, radon, methane, other gases, fuel, oil or chemical storage tanks, contaminated soil or water, hazardous waste, waste disposal sites, electromagnetic fields, nuclear sources, and other substances, including mold (airborne, toxic or otherwise), fungus or similar contaminant, materials, products or conditions.

I. **GEOLOGIC CONDITIONS:** Geologic/seismic conditions, soil and terrain stability, suitability and drainage including any slippage, sliding, flooding, drainage, grading, fill (compacted or otherwise), or other soil problems.

J. **NATURAL HAZARD ZONE:** Special Flood Hazard Areas, Potential Flooding (Inundation) Areas, Very High Fire Hazard Zones, State Fire Responsibility Areas, Earthquake Fault Zones, Seismic Hazard Zones, or any other zone for which disclosure is required by Law.

K. **PROPERTY DAMAGE:** Major damage to the Property or any of the structures or non-structural systems and components and any personal property included in the sale from fire, earthquake, floods, landslides or other causes.

L. **NEIGHBORHOOD, AREA AND PROPERTY CONDITIONS:** Neighborhood or area conditions, including Agricultural Use Restrictions pursuant to the Williamson Act (Government Code §§51200-51295), Right To Farm Laws (Civil Code §3482.5 and §3482.6),schools, proximity and adequacy of law enforcement, crime statistics, the proximity of registered felons or offenders, fire protection, other government services, availability, adequacy and cost of any speed-wired, wireless internet connections or other telecommunications or other technology services and installations, proximity to commercial, industrial or agricultural activities, existing and proposed transportation, construction and development that may affect noise, view, or traffic, airport noise, noise or odor from any source, abandoned mining operations on the Property, wild and domestic animals, other nuisances, hazards, or circumstances, protected species, wetland properties, botanical diseases, historic or other governmentally protected sites or improvements, cemeteries, facilities and condition of common areas of common interest subdivisions, and possible lack of compliance with any governing documents or Homeowners' Association requirements, conditions and influences of significance to certain cultures and/or religions, and personal needs, requirements and preferences of Buyer.

M. **COMMON INTEREST SUBDIVISIONS: OWNER ASSOCIATIONS:** Facilities and condition of common areas (facilities such as pools, tennis courts, walkways, or other areas co-owned in undivided interest with others), Owners' Association that has any authority over the subject property, CC&Rs, or other deed restrictions or obligations, and possible lack of compliance with any Owners' Association requirements.

N. **SPECIAL TAX:** Any local agencies that levy a special tax on the Property pursuant to the Mello-Roos Community Facilities Act or Improvement Bond Act of 1915.

O. **RENTAL PROPERTY RESTRICTIONS:** Some cities and counties impose restrictions that limit the amount of rent that can be charged, the maximum number of occupants and the right of a landlord to terminate a tenancy.

P. **MANUFACTURED HOME PLACEMENT:** Conditions that may affect the ability to place and use a manufactured home on the Property.

18. **TITLE AND VESTING:**

A. Within the time specified in paragraph 19, Buyer shall be provided a current preliminary title report ("Preliminary Report"). The Preliminary Report is only an offer by the title insurer to issue a policy of title insurance and may not contain every item affecting title. Buyer's review of the Preliminary Report and any other matters which may affect title are a contingency of this Agreement as specified in paragraph 19B. The company providing the Preliminary Report shall, prior to issuing a Preliminary Report, conduct a search of the General Index for all Sellers except banks or other institutional lenders selling properties they acquired through foreclosure (REOs), corporations, and government entities. Seller shall within **7 Days** After Acceptance, give Escrow Holder a completed Statement of Information.

B. Title is taken in its present condition subject to all encumbrances, easements, covenants, conditions, restrictions, rights and other matters, whether of record or not, as of the date of Acceptance except for: **(i)** monetary liens of record (which Seller is obligated to pay off) unless Buyer is assuming those obligations or taking the Property subject to those obligations; and **(ii)** those matters which Seller has agreed to remove in writing.

C. Within the time specified in paragraph 19A, Seller has a duty to disclose to Buyer all matters known to Seller affecting title, whether of record or not.

D. At Close Of Escrow, Buyer shall receive a grant deed conveying title (or, for stock cooperative or long-term lease, an assignment of stock certificate or of Seller's leasehold interest), including oil, mineral and water rights if currently owned by Seller. Title shall vest as designated in Buyer's supplemental escrow instructions. THE MANNER OF TAKING TITLE MAY HAVE SIGNIFICANT LEGAL AND TAX CONSEQUENCES. CONSULT AN APPROPRIATE PROFESSIONAL.

E. Buyer shall receive a "CLTA/ALTA Homeowner's Policy of Title Insurance", if applicable to the type of property and buyer. A title company, at Buyer's request, can provide information about the availability, desirability, coverage, and cost of various title insurance coverages and endorsements. If Buyer desires title coverage other than that required by this paragraph, Buyer shall instruct Escrow Holder in writing and shall pay any increase in cost.

19. **TIME PERIODS; REMOVAL OF CONTINGENCIES; CANCELLATION RIGHTS: The following time periods may only be extended, altered, modified or changed by mutual written agreement. Any removal of contingencies or cancellation under this paragraph by either Buyer or Seller must be exercised in good faith and in writing (C.A.R. Form CR or CC).**

A. **SELLER HAS: 7 (or ____ ) Days** After Acceptance to Deliver to Buyer all Reports, disclosures and information for which Seller is responsible under paragraphs 3M, 7A, 8, 9, 12A, B, and E, 13, 16A and 18A. Buyer after first Delivering to  Seller a Notice to Seller to Perform (C.A.R. Form NSP) may cancel this Agreement if Seller has not Delivered the items within the time specified.

B. **(1) BUYER HAS: 17 (or ____ ) Days** After Acceptance, unless otherwise agreed in writing, to:

   **(i)** complete all Buyer Investigations; review all disclosures, reports, and other applicable information, which Buyer receives from Seller; and approve all matters affecting the Property; and **(ii)** Deliver to Seller Signed Copies of Statutory Disclosures and other disclosures Delivered by Seller in accordance with paragraph 12A.

   **(2)** Within the time specified in paragraph 19B(1), Buyer may request that Seller make repairs or take any other action regarding the Property (C.A.R. Form RR). Seller has no obligation to agree to or respond to (C.A.R. Form RRRR) Buyer's requests.

   **(3)** By the end of the time specified in paragraph 19B(1) (or as otherwise specified in this Agreement), Buyer shall Deliver to Seller a removal of the applicable contingency or cancellation (C.A.R. Form CR or CC) of this Agreement. However, if any report, disclosure or information for which Seller is responsible is not Delivered within the time specified in paragraph 19A, then Buyer has **5 (or ____ ) Days** After Delivery of any such items, or the time specified in paragraph 19B(1), whichever is later, to Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement.

Buyer's Initials (X *CCM* ) ( _____ )                    Seller's Initials (X _____ ) ( *ES* )

VLPA REVISED 12/18 (PAGE 6 OF 11)

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 6 OF 11)**
Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com                3062002052, 053-

Case: 21-30299    Doc# 46    Filed: 09/30/21    Entered: 09/30/21 13:25:11    Page 10 of 23

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: *195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544*      Date: *June 20, 2021*

**(4) Continuation of Contingency:** Even after the end of the time specified in paragraph 19B(1) and before Seller cancels, if at all, pursuant to paragraph 19C, Buyer retains the right, in writing, to either (i) remove remaining contingencies, or (ii) cancel this Agreement based on a remaining contingency. Once Buyer's written removal of all contingencies is Delivered to Seller, Seller may not cancel this Agreement pursuant to paragraph 19C(1).

**C. SELLER RIGHT TO CANCEL:**

**(1) Seller right to Cancel; Buyer Contingencies:** If, by the time specified in this Agreement, Buyer does not Deliver to Seller a removal of the applicable contingency or cancellation of this Agreement, then Seller, after first Delivering to Buyer a Notice to Buyer to Perform (C.A.R. Form NBP), may cancel this Agreement.  In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

**(2) Seller right to Cancel; Buyer Contract Obligations:** Seller, after first delivering to Buyer a NBP, may cancel this Agreement if, by the time specified in this Agreement, Buyer does not take the following action(s): **(i)** Deposit funds as required by paragraph 3A or 3B or if the funds deposited pursuant to paragraph 3A or 3B are not good when deposited; **(ii)** Deliver a notice of FHA or VA costs or terms as required by paragraph 3D(3) (C.A.R. Form FVA); **(iii)** Deliver a letter as required by paragraph 3J(1); **(iv)** Deliver verification as required by paragraph 3C or 3H or if Seller reasonably disapproves of the verification provided by paragraph 3C or 3H; **(v)** Return Statutory Disclosures as required by paragraph 12A; or **(vi)** Sign or initial a separate liquidated damages form for an increased deposit as required by paragraphs 3B and 27B; or **(vii)** Provide evidence of authority to sign in a representative capacity as specified in paragraph 19. In such event, Seller shall authorize the return of Buyer's deposit, except for fees incurred by Buyer.

**D. NOTICE TO BUYER OR SELLER TO PERFORM:** The NBP or NSP shall: **(i)** be in writing; **(ii)** be signed by the applicable Buyer or Seller; and **(iii)** give the other Party at least **2 (or ____ ) Days** After Delivery (or until the time specified in the applicable paragraph, whichever occurs last) to take the applicable action. A NBP or NSP may not be Delivered any earlier than **2 Days** Prior to the expiration of the applicable time for the other Party to remove a contingency or cancel this Agreement or meet an obligation specified in paragraph 19.

**E. EFFECT OF BUYER'S REMOVAL OF CONTINGENCIES:** If Buyer removes, in writing, any contingency or cancellation rights, unless otherwise specified in writing, Buyer shall conclusively be deemed to have: **(i)** completed all Buyer Investigations, and review of reports and other applicable information and disclosures pertaining to that contingency or cancellation right; **(ii)** elected to proceed with the transaction; and **(iii)** assumed all liability, responsibility and expense for Repairs or corrections pertaining to that contingency or cancellation right, or for the inability to obtain financing.

**F. CLOSE OF ESCROW:** Before Buyer or Seller may cancel this Agreement for failure of the other Party to close escrow pursuant to this Agreement, Buyer or Seller must first Deliver to the other Party a demand to close escrow (C.A.R. Form DCE). The DCE shall: **(i)** be signed by the applicable Buyer or Seller; and **(ii)** give the other Party at least **3 (or _____ ) Days** After Delivery to close escrow. A DCE may not be Delivered any earlier than **3 Days** Prior to the scheduled close of escrow.

**G. EFFECT OF CANCELLATION ON DEPOSITS:** If Buyer or Seller gives written notice of cancellation pursuant to rights duly exercised under the terms of this Agreement, the Parties agree to Sign mutual instructions to cancel the sale and escrow and release deposits, if any, to the party entitled to the funds, less fees and costs incurred by that party. Fees and costs may be payable to service providers and vendors for services and products provided during escrow. Except as specified below, **release of funds will require mutual Signed release instructions from the Parties, judicial decision or arbitration award.** If either Party fails to execute mutual instructions to cancel escrow, one Party may make a written demand to Escrow Holder for the deposit (C.A.R. Form BDRD or SDRD). Escrow Holder, upon receipt, shall promptly deliver notice of the demand to the other Party. If, within 10 Days After Escrow Holder's notice, the other Party does not object to the demand, Escrow Holder shall disburse the deposit to the Party making the demand. If Escrow Holder complies with the preceding process, each Party shall be deemed to have released Escrow Holder from any and all claims or liability related to the disbursal of the deposit. Escrow Holder, at its discretion, may nonetheless require mutual cancellation instructions. **A Party may be subject to a civil penalty of up to $1,000 for refusal to Sign cancellation instructions if no good faith dispute exists as to who is entitled to the deposited funds (Civil Code §1057.3).**

**20. REPAIRS:** Repairs shall be completed prior to final verification of condition unless otherwise agreed in writing. Repairs to be performed at Seller's expense may be performed by Seller or through others, provided that the work complies with applicable Law, including governmental permit, inspection and approval requirements. Repairs shall be performed in a good, skillful manner with materials of quality and appearance comparable to existing materials. It is understood that exact restoration of appearance or cosmetic items following all Repairs may not be possible. Seller shall: **(i)** obtain invoices and paid receipts for Repairs performed by others; **(ii)** prepare a written statement indicating the Repairs performed by Seller and the date of such Repairs; and **(iii)** provide Copies of invoices and paid receipts and statements to Buyer prior to final verification of condition.

**21. FINAL VERIFICATION OF CONDITION:** Buyer shall have the right to make a final verification of the Property within **5 (or ____ ) Days** Prior to Close Of Escrow, NOT AS A CONTINGENCY OF THE SALE, but solely to confirm: **(i)** the Property is maintained pursuant to paragraph 16; **(ii)** Repairs have been completed as agreed; and **(iii)** Seller has complied with Seller's other obligations under this Agreement (C.A.R. Form VP).

**22. ENVIRONMENTAL HAZARD CONSULTATION:** Buyer and Seller acknowledge: **(i)** Federal, state, and local legislation impose liability upon existing and former owners and users of real property, in applicable situations, for certain legislatively defined, environmentally hazardous substances; **(ii)** Broker(s) has/have made no representation concerning the applicability of any such Law to this transaction or to Buyer or to Seller, except as otherwise indicated in this Agreement; **(iii)** Broker(s) has/have made no representation concerning the existence, testing, discovery, location and evaluation of/for, and risks posed by, environmentally hazardous substances, if any, located on or potentially affecting the Property; and **(iv)** Buyer and Seller are each advised to consult with technical and legal experts concerning the existence, testing, discovery, location and evaluation of/for, and risks posed by, environmentally hazardous substances, if any, located on or potentially affecting the Property.

Buyer's Initials (X *eem* ) ( _____ )

Seller's Initials (X _____ ) ( *ES* )

**VLPA REVISED 12/18 (PAGE 7 OF 11)**

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 7 OF 11)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com          3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: **195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544**    Date: **June 20, 2021**

**23. PRORATIONS OF PROPERTY TAXES AND OTHER ITEMS:** Unless otherwise agreed in writing, the following items shall be PAID CURRENT and prorated between Buyer and Seller as of Close Of Escrow: real property taxes and assessments, interest, rents, HOA regular, special, and emergency dues and assessments imposed prior to Close Of Escrow, premiums on insurance assumed by Buyer, payments on bonds and assessments assumed by Buyer, and payments on Mello-Roos and other Special Assessment District bonds and assessments that are now a lien. The following items shall be assumed by Buyer WITHOUT CREDIT toward the purchase price: prorated payments on Mello-Roos and other Special Assessment District bonds and assessments and HOA special assessments that are now a lien but not yet due. Property shall be reassessed upon change of ownership. Any supplemental tax bills shall be paid as follows: **(i)** for periods after Close Of Escrow, by Buyer; and **(ii)** for periods prior to Close Of Escrow, by Seller (see C.A.R. Form SPT or SBSA for further information). TAX BILLS ISSUED AFTER CLOSE OF ESCROW SHALL BE HANDLED DIRECTLY BETWEEN BUYER AND SELLER. Prorations shall be made based on a 30-day month.

**24. BROKERS:**

   **A. COMPENSATION:** Seller or Buyer, or both, as applicable, agrees to pay compensation to Broker as specified in a separate written agreement between Broker and that Seller or Buyer. Compensation is payable upon Close Of Escrow, or if escrow does not close, as otherwise specified in the agreement between Broker and that Seller or Buyer.

   **B. SCOPE OF DUTY:** Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for determining the fair market value of the Property or any personal property included in the sale; **(x)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(xi)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**25. REPRESENTATIVE CAPACITY:** If one or more Parties is signing the Agreement in a representative capacity and not for him/herself as an individual then that Party shall so indicate in paragraph 37 or 38 and attach a Representative Capacity Signature Disclosure (C.A.R. Form RCSD). Wherever the signature or initials of the representative identified in the RCSD appear on the Agreement or any related documents, it shall be deemed to be in a representative capacity for the entity described and not in an individual capacity, unless otherwise indicated. The Party acting in a representative capacity (i) represents that the entity for which that party is acting already exists and (ii) shall Deliver to the other Party and Escrow Holder, within **3 Days** After Acceptance, evidence of authority to act in that capacity (such as but not limited to: applicable portion of the trust or Certification Of Trust (Probate Code §18100.5), letters testamentary, court order, power of attorney, corporate resolution, or formation documents of the business entity).

**26. JOINT ESCROW INSTRUCTIONS TO ESCROW HOLDER:**

   **A. The following paragraphs, or applicable portions thereof, of this Agreement constitute the joint escrow instructions of Buyer and Seller to Escrow Holder,** which Escrow Holder is to use along with any related counter offers and addenda, and any additional mutual instructions to close the escrow: paragraphs 1, 3, 4B, 5, 6, 7A, 8, 9, 12B, 18, 19G, 23, 24A, 25, 26, 32, 35, 36, 37, 38 and paragraph D of the section titled Real Estate Brokers on page 11. If a Copy of the separate compensation agreement(s) provided for in paragraph 24A, or paragraph D of the section titled Real Estate Brokers on page 10 is deposited with Escrow Holder by Broker, Escrow Holder shall accept such agreement(s) and pay out from Buyer's or Seller's funds, or both, as applicable, the Broker's compensation provided for in such agreement(s). The terms and conditions of this Agreement not set forth in the specified paragraphs are additional matters for the information of Escrow Holder, but about which Escrow Holder need not be concerned. Buyer and Seller will receive Escrow Holder's general provisions, if any, directly from Escrow Holder and will execute such provisions within the time specified in paragraph 9B(1)(c). To the extent the general provisions are inconsistent or conflict with this Agreement, the general provisions will control as to the duties and obligations of Escrow Holder only. Buyer and Seller will execute additional instructions, documents and forms provided by Escrow Holder that are reasonably necessary to close the escrow and, as directed by Escrow Holder, within 3 (or _____ ) **Days**, shall pay to Escrow Holder or HOA or HOA management company or others any fee required by paragraphs 9, 12 or elsewhere in this Agreement.

   **B.** A Copy of this Agreement including any counter offer(s) and addenda shall be delivered to Escrow Holder within **3 Days** After Acceptance (or _____ ). Buyer and Seller authorize Escrow Holder to accept and rely on Copies and Signatures as defined in this Agreement as originals, to open escrow and for other purposes of escrow. The validity of this Agreement as between Buyer and Seller is not affected by whether or when Escrow Holder Signs this Agreement. Escrow Holder shall provide Seller's Statement of Information to Title company when received from Seller. If Seller delivers an affidavit to Escrow Holder to satisfy Seller's FIRPTA obligation under paragraph 12B, Escrow Holder shall deliver to Buyer a Qualified Substitute statement that complies with federal Law.

   **C.** Brokers are a party to the escrow for the sole purpose of compensation pursuant to paragraph 24A and paragraph D of the section titled Real Estate Brokers on page 11. Buyer and Seller irrevocably assign to Brokers compensation specified in paragraph 24A, and irrevocably instruct Escrow Holder to disburse those funds to Brokers at Close Of Escrow or pursuant to any other mutually executed cancellation agreement. Compensation instructions can be amended or revoked only with the written consent of Brokers. Buyer and Seller shall release and hold harmless Escrow Holder from any liability resulting from Escrow Holder's payment to Broker(s) of compensation pursuant to this Agreement.

   **D.** Upon receipt, Escrow Holder shall provide Seller and Seller's Broker verification of Buyer's deposit of funds pursuant to paragraph 3A and 3B. Once Escrow Holder becomes aware of any of the following, Escrow Holder shall immediately notify all Brokers: **(i)** if Buyer's initial or any additional deposit is not made pursuant to this Agreement, or is not good at time of deposit with Escrow Holder; or **(ii)** if Buyer and Seller instruct Escrow Holder to cancel escrow.

Buyer's Initials (X **eem** ) ( _____ )    Seller's Initials (X _____ ) ( **ES** )

**VLPA REVISED 12/18 (PAGE 8 OF 11)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    3062002052, 053-

Case: 21-30299    Doc# 46    Filed: 09/30/21    Entered: 09/30/21 13:25:11    Page 12 of 23

Property Address: _195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544_     Date: _June 20, 2021_

   E.  A Copy of any amendment that affects any paragraph of this Agreement for which Escrow Holder is responsible shall be delivered to Escrow Holder within **3 Days** after mutual execution of the amendment.

**27. REMEDIES FOR BUYER'S BREACH OF CONTRACT:**

   A.  Any clause added by the Parties specifying a remedy (such as release or forfeiture of deposit or making a deposit non-refundable) for failure of Buyer to complete the purchase in violation of this Agreement shall be deemed invalid unless the clause independently satisfies the statutory liquidated damages requirements set forth in the Civil Code.

   B.  **LIQUIDATED DAMAGES: If Buyer fails to complete this purchase because of Buyer's default, Seller shall retain, as liquidated damages, the deposit actually paid. Buyer and Seller agree that this amount is a reasonable sum given that it is impractical or extremely difficult to establish the amount of damages that would actually be suffered by Seller in the event Buyer were to breach this Agreement. Release of funds will require mutual, Signed release instructions from both Buyer and Seller, judicial decision or arbitration award. AT TIME OF ANY INCREASED DEPOSIT BUYER AND SELLER SHALL SIGN A SEPARATE LIQUIDATED DAMAGES PROVISION INCORPORATING THE INCREASED DEPOSIT AS LIQUIDATED DAMAGES (C.A.R. FORM RID).**

Buyer's Initials _CCM_ / _____        Seller's Initials _____ / _ES_

**28. DISPUTE RESOLUTION:**

   A.  **MEDIATION:** The Parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Consumer Mediation Center (**www.consumermediation.org**) or through any other mediation provider or service mutually agreed to by the Parties. The Parties **also agree to mediate any disputes or claims with Broker(s), who, in writing, agree to such mediation prior to, or within a reasonable time after, the dispute or claim is presented to the Broker.** Mediation fees, if any, shall be divided equally among the Parties involved. If, for any dispute or claim to which this paragraph applies, any Party (i) commences an action without first attempting to resolve the matter through mediation, or (ii) before commencement of an action, refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees, even if they would otherwise be available to that Party in any such action. THIS MEDIATION PROVISION APPLIES WHETHER OR NOT THE ARBITRATION PROVISION IS INITIALED. **Exclusions from this mediation agreement are specified in paragraph 28C.**

   B.  **ARBITRATION OF DISPUTES:**

     **The Parties agree that any dispute or claim in Law or equity arising between them out of this Agreement or any resulting transaction, which is not settled through mediation, shall be decided by neutral, binding arbitration. The Parties also agree to arbitrate any disputes or claims with Broker(s), who, in writing, agree to such arbitration prior to, or within a reasonable time after, the dispute or claim is presented to the Broker. The arbitrator shall be a retired judge or justice, or an attorney with at least 5 years of transactional real estate Law experience, unless the parties mutually agree to a different arbitrator. The Parties shall have the right to discovery in accordance with Code of Civil Procedure §1283.05. In all other respects, the arbitration shall be conducted in accordance with Title 9 of Part 3 of the Code of Civil Procedure. Judgment upon the award of the arbitrator(s) may be entered into any court having jurisdiction. Enforcement of this agreement to arbitrate shall be governed by the Federal Arbitration Act. Exclusions from this arbitration agreement are specified in paragraph 28C.**

     **"NOTICE: BY INITIALING IN THE SPACE BELOW YOU ARE AGREEING TO HAVE ANY DISPUTE ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION DECIDED BY NEUTRAL ARBITRATION AS PROVIDED BY CALIFORNIA LAW AND YOU ARE GIVING UP ANY RIGHTS YOU MIGHT POSSESS TO HAVE THE DISPUTE LITIGATED IN A COURT OR JURY TRIAL. BY INITIALING IN THE SPACE BELOW YOU ARE GIVING UP YOUR JUDICIAL RIGHTS TO DISCOVERY AND APPEAL, UNLESS THOSE RIGHTS ARE SPECIFICALLY INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION. IF YOU REFUSE TO SUBMIT TO ARBITRATION AFTER AGREEING TO THIS PROVISION, YOU MAY BE COMPELLED TO ARBITRATE UNDER THE AUTHORITY OF THE CALIFORNIA CODE OF CIVIL PROCEDURE. YOUR AGREEMENT TO THIS ARBITRATION PROVISION IS VOLUNTARY."**

     **"WE HAVE READ AND UNDERSTAND THE FOREGOING AND AGREE TO SUBMIT DISPUTES ARISING OUT OF THE MATTERS INCLUDED IN THE 'ARBITRATION OF DISPUTES' PROVISION TO NEUTRAL ARBITRATION."**

Buyer's Initials _____ / _____        Seller's Initials _____ / _____

   C.  ADDITIONAL MEDIATION AND ARBITRATION TERMS:

     (1) **EXCLUSIONS: The following matters are excluded from mediation and arbitration: (i) a judicial or non-judicial foreclosure or other action or proceeding to enforce a deed of trust, mortgage or installment land sale contract as defined in Civil Code §2985; (ii) an unlawful detainer action; and (iii) any matter that is within the jurisdiction of a probate, small claims or bankruptcy court.**

     (2) **PRESERVATION OF ACTIONS: The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: (i) the filing of a court action to preserve a statute of limitations; (ii) the filing of a court action to enable the recording of a notice of pending action, for order of attachment, receivership, injunction, or other provisional remedies; or (iii) the filing of a mechanic's lien.**

     (3) **BROKERS: Brokers shall not be obligated nor compelled to mediate or arbitrate unless they agree to do so in writing. Any Broker(s) participating in mediation or arbitration shall not be deemed a party to the Agreement.**

**29. SELECTION OF SERVICE PROVIDERS:** Brokers do not guarantee the performance of any vendors, service or product providers ("Providers"), whether referred by Broker or selected by Buyer, Seller or other person. Buyer and Seller may select ANY Providers of their own choosing.

Buyer's Initials (X _CCM_ ) ( _____ )        Seller's Initials (X _____ ) ( _ES_ )

**VLPA REVISED 12/18 (PAGE 9 OF 11)**

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 9 OF 11)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5  www.lwolf.com        3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: _195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA 93544_ Date: _June 20, 2021_

**30. MULTIPLE LISTING SERVICE ("MLS"):** Brokers are authorized to report to the MLS a pending sale and, upon Close Of Escrow, the sales price and other terms of this transaction shall be provided to the MLS to be published and disseminated to persons and entities authorized to use the information on terms approved by the MLS.

**31. ATTORNEY FEES:** In any action, proceeding, or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorneys fees and costs from the non-prevailing Buyer or Seller, except as provided in paragraph 28A.

**32. ASSIGNMENT:** Buyer shall not assign all or any part of Buyer's interest in this Agreement without first having obtained the written consent of Seller. Such consent shall not be unreasonably withheld unless otherwise agreed in writing. Any total or partial assignment shall not relieve Buyer of Buyer's obligations pursuant to this Agreement unless otherwise agreed in writing by Seller (C.A.R. Form AOAA).

**33. EQUAL HOUSING OPPORTUNITY:** The Property is sold in compliance with federal, state and local anti-discrimination Laws.

**34. TERMS AND CONDITIONS OF OFFER:** This is an offer to purchase the Property on the above terms and conditions. The liquidated damages paragraph or the arbitration of disputes paragraph is incorporated in this Agreement if initialed by all Parties or if incorporated by mutual agreement in a counteroffer or addendum. If at least one but not all Parties initial, a counter offer is required until agreement is reached. Seller has the right to continue to offer the Property for sale and to accept any other offer at any time prior to notification of Acceptance. Buyer has read and acknowledges receipt of a Copy of the offer and agrees to the confirmation of agency relationships. If this offer is accepted and Buyer subsequently defaults, Buyer may be responsible for payment of Brokers' compensation. This Agreement and any supplement, addendum or modification, including any Copy, may be Signed in two or more counterparts, all of which shall constitute one and the same writing.

**35. TIME OF ESSENCE; ENTIRE CONTRACT; CHANGES:** Time is of the essence. All understandings between the Parties are incorporated in this Agreement. Its terms are intended by the Parties as a final, complete and exclusive expression of their Agreement with respect to its subject matter, and may not be contradicted by evidence of any prior agreement or contemporaneous oral agreement. If any provision of this Agreement is held to be ineffective or invalid, the remaining provisions will nevertheless be given full force and effect. Except as otherwise specified, this Agreement shall be interpreted and disputes shall be resolved in accordance with the Laws of the State of California. **Neither this Agreement nor any provision in it may be extended, amended, modified, altered or changed, except in writing Signed by Buyer and Seller.**

**36. DEFINITIONS:** As used in this Agreement:

A. **"Acceptance"** means the time the offer or final counter offer is accepted in writing by a Party and is delivered to and personally received by the other Party or that Party's authorized agent in accordance with the terms of this offer or a final counter offer.

B. **"Agreement"** means this document and any counter offers and any incorporated addenda, collectively forming the binding agreement between the Parties. Addenda are incorporated only when Signed by all Parties.

C. **"C.A.R. Form"** means the most current version of the specific form referenced or another comparable form agreed to by the parties.

D. **"Close Of Escrow"** means the date the grant deed, or other evidence of transfer of title, is recorded.

E. **"Copy"** means copy by any means including photocopy, NCR, facsimile and electronic.

F. **"Days"** means calendar days. However, after Acceptance, the last **Day** for performance of any act required by this Agreement (including Close Of Escrow) shall not include any Saturday, Sunday, or legal holiday and shall instead be the next Day.

G. **"Days After"** means the specified number of calendar days after the occurrence of the event specified, not counting the calendar date on which the specified event occurs, and ending at 11:59 PM on the final day.

H. **"Days Prior"** means the specified number of calendar days before the occurrence of the event specified, not counting the calendar date on which the specified event is scheduled to occur.

I. **"Deliver", "Delivered"** or **"Delivery"**, unless otherwise specified in writing, means and shall be effective upon: personal receipt by Buyer or Seller or the individual Real Estate Licensee for that principal as specified in the section titled Real Estate Brokers on page11, regardless of the method used (i.e., messenger, mail, email, fax, other).

J. **"Electronic Copy"** or **"Electronic Signature"** means, as applicable, an electronic copy or signature complying with California Law. Buyer and Seller agree that electronic means will not be used by either Party to modify or alter the content or integrity of this Agreement without the knowledge and consent of the other Party.

K. **"Law"** means any law, code, statute, ordinance, regulation, rule or order, which is adopted by a controlling city, county, state or federal legislative, judicial or executive body or agency.

L. **"Repairs"** means any repairs (including pest control), alterations, replacements, modifications or retrofitting of the Property provided for under this Agreement.

M. **"Signed"** means either a handwritten or electronic signature on an original document, Copy or any counterpart.

**37. EXPIRATION OF OFFER:** This offer shall be deemed revoked and the deposit, if any, shall be returned to Buyer unless the offer is Signed by Seller and a Copy of the Signed offer is personally received by Buyer, or by _____, who is authorized to receive it, by 5:00 PM on the third Day after this offer is signed by Buyer (or by __5.00__ ☐ AM/ ☒ PM, on _June 26, 2021_ _____ (date)).

☐ One or more Buyers is signing the Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-B) for additional terms.

Date _06/20/2021_ BUYER X _Curt L. Mica_
**(Print name)** _Curt L. Mica_    6/8/2021 11:39:22 AM PDT
Date _____ BUYER _____
**(Print name)** _____

☐ Additional Signature Addendum attached (C.A.R. Form ASA).

**VLPA REVISED 12/18 (PAGE 10 OF 11)**    Seller's Initials ( X _____ ) ( _____ )

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 10 OF 11)**
Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com    3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: *195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA 93544*   Date: *June 20, 2021*

**38. ACCEPTANCE OF OFFER:** Seller warrants that Seller is the owner of the Property, or has the authority to execute this Agreement. Seller accepts the above offer and agrees to sell the Property on the above terms and conditions, and agrees to the above confirmation of agency relationships. Seller has read and acknowledges receipt of a Copy of this Agreement, and authorizes Broker to Deliver a Signed Copy to Buyer.

[X](If checked) SELLER'S ACCEPTANCE IS **SUBJECT TO ATTACHED COUNTER OFFER (C.A.R. Form SCO or SMCO) DATED:** **Seller Counter Offer #1.0, Dated 06/24/2021**

[X] One or more Sellers is signing the Agreement in a representative capacity and not for him/herself as an individual. See attached Representative Capacity Signature Disclosure (C.A.R. Form RCSD-S) for additional terms.

Date _____ SELLER **X** _____

(Print name) *Bankruptcy Estate of ACEH Capital, LLC*   *E. Lynn Schoenmann, Trustee*
6/24/2021 8:49:17 PM PDT

Date _____ SELLER _____

(Print name) _____

[ ] Additional Signature Addendum attached (C.A.R. Form ASA).

(_____ / _____)   **(Do not initial if making a counter offer.) CONFIRMATION OF ACCEPTANCE**: A Copy of Signed Acceptance was
(Initials)   personally received by Buyer or Buyer's authorized agent on (date) _____ at _____
[ ] AM/ [ ] PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Buyer or Buyer's authorized agent whether or not confirmed in this document. Completion of this confirmation is not legally required in order to create a binding Agreement; it is solely intended to evidence the date that Confirmation of Acceptance has occurred.**

---

**REAL ESTATE BROKERS:**
**A.** Real Estate Brokers are not parties to the Agreement between Buyer and Seller.
**B.** Agency relationships are confirmed as stated in paragraph 2.
**C.** If specified in paragraph 3A(2), Agent who submitted the offer for Buyer acknowledges receipt of deposit.
**D. COOPERATING (BUYER'S) BROKER COMPENSATION:** Seller's Broker agrees to pay Buyer's Broker and Buyer's Broker agrees to accept, out of Seller's Broker's proceeds in escrow, the amount specified in the MLS, provided Buyer's Broker is a Participant of the MLS in which the Property is offered for sale or a reciprocal MLS. If Seller's Broker and Buyer's Broker are not both Participants of the MLS, or a reciprocal MLS, in which the Property is offered for sale, then compensation must be specified in a separate written agreement (C.A.R. Form CBC). Declaration of License and Tax (C.A.R. Form DLT) may be used to document that tax reporting will be required or that an exemption exists.
**E. PRESENTATION OF OFFER:** Pursuant to Standard of Practice 1-7, if Buyer's Broker makes a written request, Seller's Broker shall confirm in writing that this offer has been presented to Seller.

Buyer's Brokerage Firm *Buyer is Self-Represented*   DRE Lic. # _____

By _____ *Buyer is Self-Represented*   DRE Lic. # _____ Date _____

By _____ DRE Lic. # _____ Date _____

Address _____ City _____ State ___ Zip ___

Telephone _____ Fax _____ E-mail _____

Seller's Brokerage Firm *Sunrise Landcore Investments*   DRE Lic. # *01012351*

By *Hesam Tooloee*   *Hesam Tooloee* DRE Lic. # *01012351* Date _____

By _____ DRE Lic. # _____ Date _____

Address *1777 Oakland Blvd #1*   City *Walnut Creek* State *CA* Zip *94595*

Telephone *(925)954-1163* Fax _____ E-mail *sunriselandcoreinvestments@earthlink.net*

---

**ESCROW HOLDER ACKNOWLEDGMENT:**
Escrow Holder acknowledges receipt of a Copy of this Agreement, (if checked,) [ ] a deposit in the amount of $ _____),
counter offer numbers _____ [ ] Seller's Statement of Information and _____
_____, and agrees to act as Escrow Holder subject to paragraph 26 of this Agreement, any supplemental escrow instructions and the terms of Escrow Holder's general provisions.
Escrow Holder is advised that the date of Confirmation of Acceptance of the Agreement as between Buyer and Seller is _____

Escrow Holder _____ Escrow # _____

By _____ Date _____

Address _____

Phone/Fax/E-mail _____

Escrow Holder has the following license number # _____
[ ] Department of Financial Protection and Innovation, [ ] Department of Insurance, [ ] Department of Real Estate.

---

**PRESENTATION OF OFFER:** ( _____ ) Seller's Broker presented this offer to Seller on _____ (date).
Broker or Designee Initials

---

**REJECTION OF OFFER:** ( _____ )( _____ ) No counter offer is being made. This offer was rejected by Seller on _____ (date).
Seller's Initials

---

©1996- 2018, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.) NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

Buyer's Acknowledge that page 11 is part of
this Agreement (X *CCM* ) ( _____ )

**VLPA REVISED 12/18 (PAGE 11 OF 11)**

**VACANT LAND PURCHASE AGREEMENT (VLPA PAGE 11 OF 11)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com   3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D



# BUYER'S VACANT LAND ADDITIONAL INSPECTION ADVISORY
### (C.A.R. Form BVLIA, 11/13)

Property Address: **195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544** ("Property").

**A. IMPORTANCE OF PROPERTY INVESTIGATION:** The physical condition of the land and improvements being purchased is not guaranteed by either Seller or Brokers. For this reason, you should conduct thorough investigations of the Property personally and with professionals who should provide written reports of their investigations. A general physical inspection typically does not cover all aspects of the Property nor items affecting the Property that are not physically located on the Property. If the professionals recommend further investigations, including a recommendation by a pest control operator to inspect inaccessible areas of the Property, you should contact qualified experts to conduct such additional investigations. Additionally, some inspections, such as those listed below, may be of particular importance when purchasing vacant land.

**B. BUYER RIGHTS AND DUTIES:** You have an affirmative duty to exercise reasonable care to protect yourself, including discovery of the legal, practical and technical implications of disclosed facts, and the investigation and verification of information and facts that you know or that are within your diligent attention and observation. The purchase agreement gives you the right to investigate the Property. If you exercise this right, and you should, you must do so in accordance with the terms of that agreement. This is the best way for you to protect yourself. It is extremely important for you to read all written reports provided by professionals and to discuss the results of inspections with the professional who conducted the inspection. You have the right to request that Seller make repairs, corrections or take other action based upon items discovered in your investigations or disclosed by Seller. If Seller is unwilling or unable to satisfy your requests, or you do not want to purchase the Property in its disclosed and discovered condition, you have the right to cancel the agreement if you act within specific time periods. If you do not cancel the agreement in a timely and proper manner, you may be in breach of contract.

**C. SELLER RIGHTS AND DUTIES:** Seller is required to disclose to you material facts known to him/her that affect the value or desirability of the Property. However, Seller may not be aware of some Property defects or conditions. Seller does not have an obligation to inspect the Property for your benefit nor is Seller obligated to repair, correct or otherwise cure known defects that are disclosed to you or previously unknown defects that are discovered by you or your inspectors during escrow. The purchase agreement obligates Seller to make the Property available to you for investigations.

**D. BROKER OBLIGATIONS:** Brokers do not have expertise in all areas and therefore cannot advise you on many items, such as soil stability, geologic or environmental conditions, hazardous or illegal controlled substances, structural conditions of the foundation or other improvements, or the condition of the roof, plumbing, heating, air conditioning, electrical, sewer, septic, waste disposal, or other system. The only way to accurately determine the condition of the Property is through an inspection by an appropriate professional selected by you. If Broker gives you referrals to such professionals, Broker does not guarantee their performance. You may select any professional of your choosing. If you have entered into a written agreement with a Broker, the specific terms of that agreement will determine the nature and extent of that Broker's duty to you. **YOU ARE STRONGLY ADVISED TO INVESTIGATE THE CONDITION AND SUITABILITY OF ALL ASPECTS OF THE PROPERTY. IF YOU DO NOT DO SO, YOU ARE ACTING AGAINST THE ADVICE OF BROKERS.**

**E. YOU ARE ADVISED TO CONDUCT INVESTIGATIONS OF THE ENTIRE PROPERTY, INCLUDING, BUT NOT LIMITED TO THE FOLLOWING:**
    **1. FINANCE:** Financing the purchase of vacant land finance and especially financing construction loans for the improvement of vacant land can provide particular challenges, including subordination agreements and insurance requirements. Buyer is advised to seek the assistance of reputable lenders in assistance with their decisions regarding financing of the property.
    **2. CONSTRUCTION COSTS:** If Buyer is contemplating building improvements on the property, Buyer is advised that they will have to contact directly any contractors, service providers, suppliers, architects, utility companies regarding the costs of improvements. Buyer is advised to get written bids from all such persons regarding their decision to develop the property.
    **3. UTILITIES:** Unimproved property may or may not have utilities available to the property. Buyer(s) is advised to obtain information from the public or private utility provider about the availability and cost of providing utilities to the property and whether necessary easements are in place to allow such utilities to the property.
    **4. ENVIRONMENTAL SURVEY:** Unimproved land may have had or may have hazardous materials stored upon or under the land or been used by persons engaged in activities exposing the land to hazardous materials. The land may also be host to protected vegetation or animal life. Buyer(s) is advised to satisfy themselves as what hazards or protected plant or animal life are on the property and what impact they may have on Buyer's future plans for the property by seeking the help of a qualified professional.

Buyer's Initials (___*epm*___) (_____)                   Seller's Initials (_____) (___*ES*___)

© 2013, California Association of REALTORS®, Inc.

**BVLIA 11/13 (PAGE 1 OF 2)**

**BUYER'S VACANT LAND ADDITIONAL INSPECTION ADVISORY (BVLIA PAGE 1 OF 2)**

| Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595 | Phone: 510.928.5024 | Fax: 925-954-1467 | 3062002052, 053- |
|---|---|---|---|
| Hesam Toolooe | Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com | | |

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D

Property Address: _195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544_____ Date: _June 19, 2021_

5. **NATURAL HAZARDS REPORTS:** Buyer(s) is advised that while certain disclosures are required by state, federal and local laws, hazard disclosure companies can provide additional disclosures for both natural and man-made hazards or nuisances for a cost. Buyer is advised to seek the advice of a natural hazards reporting company regarding additional reports and disclosures that buyer may wish to obtain.

6. **SUBDIVISION OF THE PROPERTY:** If Buyer's plans include future subdivision of the property (whether under the Subdivision Map Act of the Subdivided Lands Law) multiple, complex issues regarding city, county, state, and federal laws may be presented. Buyer is strongly advised to seek the advice of California legal counsel familiar with federal, state and local subdivision requirements.

Buyer and Seller acknowledge and agree that Broker: **(i)** Does not decide what price Buyer should pay or Seller should accept; **(ii)** Does not guarantee the condition of the Property; **(iii)** Does not guarantee the performance, adequacy or completeness of inspections, services, products or repairs provided or made by Seller or others; **(iv)** Does not have an obligation to conduct an inspection of common areas or areas off the site of the Property; **(v)** Shall not be responsible for identifying defects on the Property, in common areas, or offsite unless such defects are visually observable by an inspection of reasonably accessible areas of the Property or are known to Broker; **(vi)** Shall not be responsible for inspecting public records or permits concerning the title or use of Property; **(vii)** Shall not be responsible for identifying the location of boundary lines or other items affecting title; **(viii)** Shall not be responsible for verifying square footage, representations of others or information contained in Investigation reports, Multiple Listing Service, advertisements, flyers or other promotional material; **(ix)** Shall not be responsible for providing legal or tax advice regarding any aspect of a transaction entered into by Buyer or Seller; and **(x)** Shall not be responsible for providing other advice or information that exceeds the knowledge, education and experience required to perform real estate licensed activity. Buyer and Seller agree to seek legal, tax, insurance, title and other desired assistance from appropriate professionals.

**By signing below, Buyer and Seller each acknowledge that they have read, understand, accept and have received a Copy of this Advisory. Buyer is encouraged to read it carefully.**

SELLER _E. Lynn Schoenmann, Trustee_____ Date _____

Bank 6/24/2021 5:49:27 PM PBTMABBH Capital, LLC

SELLER _____ Date _____

BUYER _Curt L. Mica_____ Date 06/20/2021

Curt L. Mica
6/20/2021 11:39:29 AM PDT

BUYER _____ Date _____

© 2013, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020
**BVLIA 11/13 (PAGE 2 OF 2)**



**BUYER'S VACANT LAND ADDITIONAL INSPECTION ADVISORY (BVLIA PAGE 2 OF 2)**

Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5    www.lwolf.com       3062002052, 053-

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D



# CALIFORNIA CONSUMER PRIVACY ACT ADVISORY
### (C.A.R. Form CCPA, 12/19)

As of January 1, 2020, the California Consumer Privacy Act (commencing with Civil Code § 1798.100) ("CCPA") grants to California residents certain rights in their private, personal information that is collected by companies with whom they do business. Under the CCPA, "personal information" is defined broadly to encompass non-public records information that could reasonably be linked directly or indirectly to you, including, potentially, photographs of or sales information about your property. Some of your personal information will be collected and likely shared with others during the process of buying and selling real estate. Depending on the situation, you may have the right to "opt out" or stop the transfer of your personal information to others and request that certain businesses delete your personal information altogether. Not all businesses you interact with are required to comply with the law, primarily just those who meet the criteria of a covered "Business" as set forth in Section 1798.140 (c)]. For more information, you may ask your Broker for a copy of the C.A.R. Legal Q&A on the subject.

A real estate broker is likely to submit personal information to a Multiple Listing Service ("MLS") in order to help find a buyer for a seller's property. Through the MLS, the information is made available to real estate brokers and salespeople, and others. Even after a sale is complete, the MLS distributes sales information to the real estate community. Brokers, agents and MLSs may also share your personal information with others who post the personal information on websites or elsewhere, or otherwise use it. Thus, there are various service providers and companies in a real estate transaction who may be engaged in using or sharing data involving your personal information.

If your broker is a covered Business, it should have a privacy policy explaining your rights on its website and giving you an opportunity to request that personal information not be shared, used and even deleted. Even if your real estate brokerage is a covered Business, it needs, and is allowed, to keep your information to effectuate a sale and, by law, is required to maintain such information for three years to comply with regulatory requirements. Not all brokers are covered Businesses, however, and those that are not, do not have to comply with the CCPA.

Similarly, most MLSs will not be considered a covered Business. Instead, the MLS may be considered a Third Party in the event a covered Business (ex: brokerages, real estate listing aggregation or advertising internet sites or other outlets who meet the criteria of covered Businesses) exchanges personal information with the MLS. You do not have the right under the CCPA to require a Third Party to delete your personal information. And like real estate brokerages, even if an MLS is a covered Business, MLSs are also required by law to retain and make accessible in its computer system any and all listing and other information for three years.

Whether an MLS is a covered Business or a Third Party, you have a right to be notified about the sharing of your personal information and your right to contact a covered Business to opt out of your personal information being used, or shared with Third Parties. Since the MLSs and/or other entities receiving your personal information do not have direct contact with buyers and sellers and also may not be aware of which entities exchanging personal information are covered Businesses, this form is being used to notify you of your rights under the CCPA and your ability to direct requests to covered Businesses not to share personal information with Third Parties. One way to limit access to your personal information, is to inform your broker or salesperson you want to opt-out of the MLS, and if so, you will be asked to sign a document (Form SELM) confirming your request to keep your listing off the MLS. However, if you do so, it may be more difficult to sell your property or obtain the highest price for it because your property will not be exposed to the greatest number of real estate licensees and others.

**I/we acknowledge receipt of a copy of this California Consumer Privacy Act Advisory.**

Buyer/Seller/Landlord/Tenant  *Curt L. Mica*  Date 06/20/2021
Curt L. Mica 8:39:32 AM PDT

Buyer/Seller/Landlord/Tenant  E. Lynn Scheenmann, Trustee  Date _____
6/24/2021 8:49:29 PM PDT

© 2019, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the CALIFORNIA ASSOCIATION OF REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

CCPA 12/19 (PAGE 1 OF 1)

## CALIFORNIA CONSUMER PRIVACY ACT ADVISORY (CCPA PAGE 1 OF 1)

Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595          Phone: 510.928.5024          Fax: 925-954-1467          3062002052, 053-
Hesam Toolooe          Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com

Authentisign ID: 0D0396AA-698D-4572-9A7A-18AF78ACA73D



# CALIFORNIA
## ASSOCIATION
### OF REALTORS®

## ADDENDUM

(C.A.R. Form ADM, Revised 12/15)

**No.** *1.0*

The following terms and conditions are hereby incorporated in and made a part of the: ☐ Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other _____

dated **June 20, 2021** , on property known as **195 Street E. and Avenue Z - APN#3062-002-052 AND 053 Llano, CA  93544**

in which **Curt L. Mica** is referred to as ("Buyer/Tenant")

and **Bankruptcy Estate of ACEH Capital, LLC** is referred to as ("Seller/Landlord").

*1 - PRBS – "REPRESENTATION OF MORE THAN ONE BUYER OR SELLER" - Seller does not consent to dual agency.*

*2 - Parag. 1-D - Sale is subject to a 14-days appeal period following the final court approval of this sale. Closing date is seven days or sooner after expiration of the 14-days appeal period.*

*3 - Parag. #2-B - Sunriser Landcore Investments represents Seller ONLY - Buyers are SELF-REPRESENTED.*

*4 - Parag.  #28 Arbitration - is deleted from the contract - Seller does not agree to Arbitration or Mediation.*

*5 - Price, Terms and commissions are subject to Bankruptcy court approval. If not approved, escrow will be cancelled and Buyer's deposit will be refunded.*

*6 - Current co-owners, if any, will be notified of this offer and will have the first right of refusal. If this right is exercised by any co-owner, escrow will be cancelled and Buyer's deposit will be refunded.*

*7 - Sale is subject to over-bidding before the final court approval. Buyer will be notified if overbids are received and will be provided the opportunity to submit a bid as well. If a higher bid is accepted from another Buyer,  escrow will be cancelled and Buyer's deposit will be refunded.*

*8 - Buyer has option to cancel escrow if Seller fails to deliver certified copy of the court approval to Buyer within 90 days of acceptance.*

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date  *06/20/2021* Authentisign

Buyer/Tenant **X** *Curt L. Mica*
Curt L. Mica 10:39:34 AM PDT

Buyer/Tenant _____

Date _____

Seller/Landlord **X** E. Lynn Schoenmann, Trustee
6/24/2021 8:49:35 PM PDT
*Bankruptcy Estate of ACEH Capital, LLC*

Seller/Landlord _____

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**ADM REVISED 12/15 (PAGE 1 OF 1)**

## ADDENDUM (ADM PAGE 1 OF 1)



Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595     Phone: 510.928.5024     Fax: 925-954-1467     3062002052, 053-
Hesam Toolooee                           Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com

Authentisign ID: 792D5201-F23D-4B75-AE15-B91177753BAF



### SELLER COUNTER OFFER No. 1
**May not be used as a multiple counter offer.**
**(C.A.R. Form SCO, Revised 11/14)**

Date *June 24, 2021*

This is a counter offer to the: ☐ Purchase Agreement, ☐ Buyer Counter Offer No. ___, or ☐ Other _____ ("Offer"),
dated *June 20, 2021* , on property known as _195 St. E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA 93544_ ("Property"),
between _Curt L. Mica_ ("Buyer")
and _Bankruptcy Estate of ACEH Capital, LLC_ ("Seller").

1. **TERMS:** The terms and conditions of the above referenced document are accepted subject to the following:
   A. **Paragraphs in the Offer that require initials by all parties, but are not initialed by all parties, are excluded from the final agreement unless specifically referenced for inclusion in paragraph 1C of this or another Counter Offer or an addendum.**
   B. **Unless otherwise agreed in writing, down payment and loan amount(s) will be adjusted in the same proportion as in the original Offer, but deposit amount(s) shall remain unchanged from the original Offer.**
   C. **OTHER TERMS:** *1 - Sale Price is $35,000.00.*

   *2 - Paragraph #13-E "Seller Vacant Land Questionnaire" - Is deleted, Trustee is exempt from providing a SVLQ.*

   *END OF NEW TERMS - XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX*

   _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

   D. The following attached addenda are incorporated into this Seller Counter offer: ☐ Addendum No. _____
   ☐ _____

2. **EXPIRATION:** This Seller Counter Offer shall be deemed revoked and the deposits, if any, shall be returned:
   A. Unless by 5:00pm on the third Day After the date it is signed in paragraph 4 (if more than one signature then, the last signature date)(or by _____ ☐ AM ☐ PM on _____ (date) (i) it is signed in paragraph 5 by Buyer and (ii) a copy of the signed Seller Counter Offer is personally received by Seller or _Hesam Tooloee_ , who is authorized to receive it.
   B. OR If Seller withdraws it anytime prior to Acceptance (CAR Form WOO may be used).
   C. OR If Seller accepts another offer prior to Buyer's Acceptance of this counter offer.

3. **MARKETING TO OTHER BUYERS:** Seller has the right to continue to offer the Property for sale. Seller has the right to accept any other offer received, prior to Acceptance of this Counter Offer by Buyer as specified in 2A and 5. In such event, Seller is advised to withdraw this Seller Counter Offer before accepting another offer.

4. **OFFER: SELLER MAKES THIS COUNTER OFFER ON THE TERMS ABOVE AND ACKNOWLEDGES RECEIPT OF A COPY.**
   Seller _Authentisign_ 06/24/2021 _Bankruptcy Estate of ACEH Capital, LLC_ Date _____
   Seller _E. Lynn Schoenmann, Trustee_ Date _____
   6/24/2021 8:49:44 PM PDT

5. **ACCEPTANCE: I/WE accept the above Seller Counter Offer (If checked ☐ SUBJECT TO THE ATTACHED COUNTER OFFER)** and acknowledge receipt of a Copy.
   Buyer _Authentisign Curt L. Mica_ _Curt L. Mica_ Date _____ Time _____ ☐ AM/☐ PM
   Buyer _____ Date _____ Time _____ ☐ AM/☐ PM

   **CONFIRMATION OF ACCEPTANCE:** 6/24/2021 11:47:41 PM PDT

   (____ / ____) (Initials) **Confirmation of Acceptance:** A Copy of Signed Acceptance was personally received by Seller, or Seller's authorized agent as specified in paragraph 2A on (date) _____ at _____ ☐ AM/☐ PM. **A binding Agreement is created when a Copy of Signed Acceptance is personally received by Seller or Seller's authorized agent whether or not confirmed in this document.**

© 2019, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**SCO Revised 11/14 (PAGE 1 OF 1)**

**SELLER COUNTER OFFER (SCO PAGE 1 OF 1)**

| | |
|---|---|
| Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595 | Phone: 510.928.5024    Fax: 925-954-1467    3062002052, 053- |
| Hesam Tooloee | Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com |

Authentisign ID: D8D637FB-795E-481B-A87B-02F976677947



## ADDENDUM

**(C.A.R. Form ADM, Revised 12/15)**

No. *1.0*

The following terms and conditions are hereby incorporated in and made a part of the: ☒ Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other _____,
dated *June 20, 2021* , on property known as *195 Street E. and Avenue Z - APN#3062-002-052 AND 053 Llano, CA 93544*
in which *Curt L. Mica* is referred to as ("Buyer/Tenant")
and *Bankruptcy Estate of ACEH Capital, LLC* is referred to as ("Seller/Landlord").

*Buyer has read and approved Preliminary Title Report, Order# 55913-21-01223, dated May 05, 2021, issued by North American Title Company.*
*END OF NEW TERMS - XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX*

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date *07/11/2021*

Buyer/Tenant **X** *Curt L. Mica*
*Curt L. Mica* 7/11/2021 7:13:20 AM PDT

Buyer/Tenant _____

Date _____

Seller/Landlord **X** _____
*Bankruptcy Estate of ACEH Capital, LLC*

Seller/Landlord _____

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**ADM REVISED 12/15 (PAGE 1 OF 1)**

**ADDENDUM (ADM PAGE 1 OF 1)**

Sunriver Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595       Phone: 510.928.5024       Fax: 925-954-1467       3062002052, 053-
Hesam Toolooe                                     Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com

Authentisign ID: D8D637FB-795E-481B-A87B-02F976677947



## CALIFORNIA ASSOCIATION OF REALTORS®

## CONTINGENCY REMOVAL No. __1.0__
### (C.A.R. Form CR, Revised, 12/20)

In accordance with the terms and conditions of the: ☒ Purchase Agreement, OR ☐ Request For Repair (C.A.R. Form RR),
☐ Response And Reply To Request For Repair (C.A.R. Form RRRR), ☐ Amendment of Existing Agreement (C.A.R. Form AEA) or ☐ Other
_____ ("Agreement"),
dated __06/20/2021__ , on property known as __195 Street E. and Avenue Z - APN#3062-002-052 AND 053, Llano, CA  93544__ ("Property"),
between __Curt L. Mica__ ("Buyer")
and __Bankruptcy Estate of ACEH Capital, LLC__ ("Seller").

**I.   BUYER REMOVAL OF BUYER CONTINGENCIES:**

1.  With respect to any contingency and cancellation right that Buyer removes, unless otherwise specified in a separate written agreement between Buyer and Seller, Buyer shall conclusively be deemed to have: **(i)** completed all Buyer Investigations and review of reports and other applicable information and disclosures; **(ii)** elected to proceed with the transaction; and **(iii)** assumed all liability, responsibility and, expense, **if any,** for Repairs, corrections, or for the inability to obtain financing. Waiver of statutory disclosures is prohibited by Law.

2.  Buyer removes those contingencies specified below.

   **A.   ONLY the following individually checked Buyer contingencies are removed:** (Paragraph numbers refer to the California Residential Purchase Agreement (C.A.R. Form RPA-CA) unless a different form is specified.)
   1.  ☐ Loan (Paragraph 3J)
   2.  ☐ Appraisal (Paragraph 3I)
   3.  Buyer's Investigation Contingency (Paragraph 12)
       a.  ☐ Only the physical inspection portion of Buyer's Investigation (Paragraph 12)
       b.  ☐ All Buyer Investigations other than a physical inspection (Paragraph 12)
       c.  ☐ Entire Buyer's Investigation Contingency (Paragraph 12)
   4.  ☐ Condominium/Planned Development (HOA or OA) Disclosures (Paragraph 10F)
   5.  ☐ Reports/Disclosures (Paragraphs 7 and 10)
   6.  ☐ Title: Preliminary Report (Paragraph 13)
   7.  Sale of Buyer's Property (Paragraph 4B)
       a.  ☐ Entering into contract for Buyer's Property (COP, Paragraph 2)
       b.  ☐ Close of escrow for Buyer's Property (COP, Paragraph 4)
   8.  ☐ Review of documentation for leased or liened items (Paragraph 8B(5))
   9.  ☐ Other: _____
   10. ☐ Other: _____

   **OR B.   ☐ ALL Buyer contingencies are removed, EXCEPT:** ☐ Loan Contingency (Paragraph 3J); ☐ Appraisal Contingency (Paragraph 3I); ☐ Contingency for the Sale of Buyer's Property (Paragraph 4B); ☐ Condominium/Planned Development (HOA) Disclosures (Paragraph 10F); ☐ Other _____

   **OR C.   ☒ BUYER HEREBY REMOVES ANY AND ALL BUYER CONTINGENCIES.**

3.  **Once all contingencies are removed, whether or not Buyer has satisfied him/her/itself regarding all contingencies or received any information relating to those contingencies, Buyer may not be entitled to a return of Buyer's deposit if Buyer does not close escrow. This could happen even if, for example, Buyer does not approve of some aspect of the Property or the Seller or lender does not approve Buyer's loan.**

**NOTE:** Paragraph numbers refer to the California Residential Purchase Agreement (C.A.R. Form RPA-CA) unless a different form is specified. Applicable paragraph numbers for each contingency in other C.A.R. forms may be different.

Buyer **X** _Curt L. Mica_          _Curt L. Mica_          Date  07/11/2021
Buyer _____          Date _____
         7/11/2021 7:25:56 AM PDT

**II.   SELLER REMOVAL OF SELLER CONTINGENCIES:** Seller hereby removes the following Seller contingencies:
☐ Finding of replacement property (C.A.R. Form SPRP); ☐ Closing on replacement property (C.A.R. Form SPRP)
☐ Other _____

Seller **X** _____          Date _____
Seller _____          Date _____

© 2020 California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats. THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS®. NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
a subsidiary of the California Association of REALTORS®
525 South Virgil Avenue, Los Angeles, California 90020

**CR REVISED 12/20 (PAGE 1 OF 1)**

### CONTINGENCY REMOVAL (CR PAGE 1 OF 1)

Authentisign ID: FFB5B587-829D-42B9-BE4A-97ADC3883E0A



## ADDENDUM

(C.A.R. Form ADM, Revised 12/15)

**No.** *3.0*

The following terms and conditions are hereby incorporated in and made a part of the: ☒ Purchase Agreement, ☐ Residential Lease or Month-to-Month Rental Agreement, ☐ Transfer Disclosure Statement (Note: An amendment to the TDS may give the Buyer a right to rescind), ☐ Other _____,
dated *June 20, 2021* , on property known as *195 Street E. and Avenue Z - APN#3062-002-052 AND 053*
*Llano, CA  93544*
in which _____*Curt L. Mica*_____ is referred to as ("Buyer/Tenant")
and _____*Bankruptcy Estate of ACEH Capital, LLC*_____ is referred to as ("Seller/Landlord").

*1 - Buyer withdraws email sent to Listing Broker dated 09/27/2021 where Buyer requested canceling the escrow and hereby agrees to the following terms instead.*

*2 - Buyer's waives the option to cancel escrow if Seller fails to deliver final court approval of the sale to Buyer within 90 days of acceptance as provided for and described by Item #8.0 of Counter Offer #1.0 dated 06/20/21. Buyer has no further option to cancel the escrow.*

*3 - Escrow holder is authorized to release Buyer's $5,000.00 deposit to Seller with receipt of signed copy of this Addendum #3.0 . Buyer and Seller agree to hold escrow holder harmless against any future liability or claim for release of said deposit to Seller.*

*4 - Buyer's $5,000.00 deposit released to Seller will be non-refundable and liquidated if escrow fails to close due to Buyer's default.*

*5 - New close of escrow date shall be on or before December 01, 2021 or 30 days after Buyer's receipt of copy of court order approving the sale to Buyer, whichever is later.*

*6 - Buyer reserves the option to close escrow anytime after expiration of the two-weeks appeal period that must follow the final court approval.*

*END OF NEW TERMS - xxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxxx*

The foregoing terms and conditions are hereby agreed to, and the undersigned acknowledge receipt of a copy of this document.

Date  09/27/2021
Buyer/Tenant **X** *Curt L. Mica*
*Curt L. Mica*   9/27/2021 10:46:06 PM PDT

Buyer/Tenant _____

Date  09/29/2021
Seller/Landlord **X** *E. Lynn Schoenmann, Trustee*
*Bankruptcy Estate of ACEH Capital, LLC*

Seller/Landlord _____

© 1986-2015, California Association of REALTORS®, Inc. United States copyright law (Title 17 U.S. Code) forbids the unauthorized distribution, display and reproduction of this form, or any portion thereof, by photocopy machine or any other means, including facsimile or computerized formats.
THIS FORM HAS BEEN APPROVED BY THE CALIFORNIA ASSOCIATION OF REALTORS® (C.A.R.). NO REPRESENTATION IS MADE AS TO THE LEGAL VALIDITY OR ACCURACY OF ANY PROVISION IN ANY SPECIFIC TRANSACTION. A REAL ESTATE BROKER IS THE PERSON QUALIFIED TO ADVISE ON REAL ESTATE TRANSACTIONS. IF YOU DESIRE LEGAL OR TAX ADVICE, CONSULT AN APPROPRIATE PROFESSIONAL.
This form is made available to real estate professionals through an agreement with or purchase from the California Association of REALTORS®. It is not intended to identify the user as a REALTOR®. REALTOR® is a registered collective membership mark which may be used only by members of the NATIONAL ASSOCIATION OF REALTORS® who subscribe to its Code of Ethics.

**R E B S** Published and Distributed by:
REAL ESTATE BUSINESS SERVICES, LLC.
*a subsidiary of the California Association of REALTORS®*
525 South Virgil Avenue, Los Angeles, California 90020

**ADM REVISED 12/15 (PAGE 1 OF 1)**



### ADDENDUM (ADM PAGE 1 OF 1)

| | |
|---|---|
| Sunriser Landcore Investments, 1179 Oakmont Dr. #1 Walnut Creek, CA 94595 | Phone: 510.928.5024   Fax: 925-954-1467   3062002052, 053- |
| Hesam Toolooe | Produced with Lone Wolf Transactions (zipForm Edition) 231 Shearson Cr. Cambridge, Ontario, Canada N1T 1J5   www.lwolf.com |